State v. Hilton.

———◄●●►———

THE STATE, Appellant, v. HILTON *et al.*, Respondents.

1. An indictment for a rescue should state the nature and cause of the imprisonment of the person alleged to have been rescued ; it should also state whether the person from whom the rescue was made was a public officer or a private person.

2. If a rescue be made of a person in the custody of a private person, there is no offence unless the rescuer knows that the person in custody is under arrest for a felony or misdemeanor.

*Appeal from Macon Circuit Court.*

The following is the indictment, the quashing of which constitutes the error complained of : " The grand jurors for the state of Missouri, for the body of the county of Macon, upon their oaths present that Hamilton Hilton, Elijah Levitt, John Baker, John Davatt and William Owens, late of the said county of Macon, on the first day of March, in the year 1857, at, &c., did by force rescue one Christian Comfrey from Allen C. Gunter, by whom he was then and there held in custody for an offence other than a felony, against the peace and dignity of the state.

" And the jurors aforesaid, upon their oaths aforesaid, do further present that the said Hamilton Hilton, Elijah Levitt, John Baker, John Davatt and William Owens, on the day and year aforesaid, at the county of Macon aforesaid, did by force rescue and set at liberty one Christian Comfrey, who was then and there held in lawful custody for an offence other than a felony, against the peace and dignity of the state.

" And the jurors aforesaid, upon their oaths aforesaid, do further present that the said Hamilton Hilton, Elijah Levitt, John Baker, John Davatt and William Owens, on, &c., at, &c., did assemble together with intent with force and violence to do an unlawful act, to-wit, to rescue one Christian Comfrey from one Allen C. Gunter, by whom he was then and there lawfully held in custody, and did then and there in a violent and turbulent manner, in furtherance of said purpose, rescue and set at liberty the said Christian Comfrey from the lawful custody of the said Allen C. Gunter, against the peace and dignity of the state."

*Ewing*, (attorney general,) for the State.

RICHARDSON, Judge, delivered the opinion of the court.

The indictment for a rescue should state the nature and cause of the imprisonment of the person alleged to have been

rescued; (1 Russ. on Crimes, 434;) and it should also state whether the person from whom the rescue was made was a public officer or a private person.   (1 Hale P. C. 606.)  For, whilst the custody of a person in the hands of a public officer would imply notice that the prisoner was lawfully held and the rescue would be at the peril of the party making it, the offence would not exist if the rescue was made from the custody of a private person, unless the defendant knew that the prisoner was under arrest for a felony or misdemeanor.

This indictment neither states the cause of the imprisonment of Comfrey, nor whether Gunter was a public officer, nor, if a private person, that the defendants knew why he had Comfrey in custody.

The indictment was properly quashed, and the other judges concurring, the judgment will be affirmed.