THE CITY OF ST. LOUIS v. SCHOENBUSCH, *Appellant*

1. **Municipal Corporations**: ORDINANCES. Municipal corporations may by ordinance prohibit acts which are misdemeanors under the state statutes.

2. ————— : ————— : DUMB ANIMALS. The city of St. Louis, under the general welfare clause of its charter, has the power by ordinance to prohibit cruelty to dumb animals.

*Appeal from St. Louis Court of Criminal Correction.*
HON. E. A. NOONAN, Judge.

AFFIRMED.

*L. A. Steber* for appellant.

(1) The offence charged is one cognizable under the laws of the state of Missouri. R. S., secs. 1374-5, 1609. (2) The city ordinance has no charter power to sustain it. (3) An offence punishable under the laws of the state cannot be made punishable under the ordinances of a municipality, unless clear and express authority to that effect is given, not in conflict with the constitution and laws of the state. *City v. Courtmire,* 9 Mo. 692; *City v. Bentz,* 11 Mo. 61; *City v. Cafferata,* 24 Mo. 96; *State v. Cowan,* 29 Mo. 335; *Roach v. VanRiswick,* 8

The City of St. Louis v. Schoenbusch.

Rep. 815; *Long v. Taxing Dist.*, 71 Tenn. [7 Lea] 134; *State v. Brittain*, 89 N. C. 574; *State v. Tryon*, 39 Conn. 183; *Reich v. State*, 53 Ga. 75; *New Orleans v. Miller*, 7 La. Ann. 651; *Ex parte Bourgeois*, 60 Miss. 663; *Loeb v. City*, 82 Ind. 175; *Beninger v. Belvidere*, 44 N. J. Law [15 Vroom] 351; *City v. Miller*, 57 Iowa, 56; *Walsh v. City*, 11 Pac. Rep. 312; *Commonwealth v. Ray*, 1 New Eng. Rep. 524; *Flood v. State*, 19 Tex. App. 584; *Commonwealth v. Turner*, 1 Cush. 493. (4) Municipal corporations are limited to the exercise of powers expressly conferred, and those not specially delegated are prohibited. *Worley v. Columbia*, 88 Mo. 106; *City v. Laughlin*, 49 Mo. 559–62; Wood on Nuis. [2 Ed.] 820; Dill. Mun. Corp. [3 Ed.] secs. 89, 91; *Fertilizing Co. v. Hyde Park*, 97 U. S. 666. And any doubt or ambiguity arising with reference thereto must be resolved in favor of the public. *Clark v. Davenport*, 14 Iowa, 500; *State to use v. Smith*, 31 Iowa, 496; *Vansant v. Stage Co.*, 59 Md. 333–4; *Minturn v. Laure*, 23 How. [64 U. S.] 435–6.

*Leverett Bell* for respondent.

Ordinance 12,574 was adopted pursuant to the general welfare clause of the charter of St. Louis, which provides that the mayor and assembly shall have power "to pass all such ordinances, not inconsistent with the provisions of this charter, or the laws of the state, as may be expedient in maintaining the peace, good government, health, and welfare of the city, its trade, commerce, and manufactures, and to enforce the same by fines and penalties," etc. 2 R. S., p. 1588, par. 14. The above ordinance is not inconsistent with any state law, but on the contrary it harmonizes with such provisions of the general statutes as have a bearing on the subject. R. S., secs. 1374, 1375, 1609. The offence set forth in ordinance 12,574 is a violation of humanity, and power to adopt it is found under the clause of the city

charter authorizing ordinances for the "good government" and "welfare" of the city. The fact that the state has interdicted the same offence is no objection in point of law to the ordinance. In *Ex parte Hollwedell*, 74 Mo. 401, this court said: "The right of a municipal corporation in this state to maintain in its own name a proceeding to recover a fine for non-observance of an ordinance has never been questioned, even though there be a general law of the state also imposing a fine for a like offence."

*Martin & Fauntleroy* also for respondent.

(1) It is no longer an open question in this state that an act punishable under the state statutes may nevertheless be made punishable under a city ordinance. *City v. Bentz*, 11 Mo. 61; *City v. Cafferata*, 24 Mo. 94; *State v. Cowan*, 29 Mo. 330; *City v. Moore*, 32 Mo. 392; *Ex parte Holwedell*, 74 Mo. 395. (2) The city under its charter had the power to pass the ordinance in question. City Charter, art. 3, sec. 26, 14th clause; *St. Louis v. Bentz*, 11 Mo. 61; *City v. Cafferata*, 24 Mo. 94.

BLACK, J.—The defendant was fined twenty dollars by a police justice of the city of St. Louis on a charge of unnecessarily and cruelly beating a dumb animal. He appealed to the court of criminal correction, where he was again fined in a like amount; and he then appealed to this court. The prosecution is based on a violation of the following ordinance:

"Section 1. Any person who shall, in this city, overdrive, overload, drive when overloaded, ill-treat, torment, or unnecessarily or cruelly beat, or needlessly mutilate or kill  *  *  *  any dumb animal, shall for every such offence be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than twenty dollars, nor more than one hundred dollars, for each offence."

At the close of the case for the city, the defendant moved for his discharge, which motion was overruled. The point made in the trial court and pressed here is, that the ordinance is void; first, because the offence charged is punishable by the general statute laws of the state; and, second, because the city has no charter power to pass the ordinance. To cruelly beat any horse, ox, or domestic animal is made a misdemeanor by the general laws of the state ( R. S., secs. 1375, 1609 ); but this does not prevent the city from prohibiting the same act by ordinance, and punishing the offender for a violation thereof. It is the well-settled law of this state that municipal corporations may, by ordinance, prohibit acts which are made misdemeanors under the general statutes of the state; and for a violation of such ordinances, the city may maintain a proceeding in its own name to impose and collect a fine. *City of St. Louis v. Bentz*, 11 Mo. 61; *City of St. Louis v. Cafferata*, 24 Mo. 94; *State v. Cowan*, 29 Mo. 330; *City of Independence v. Moore*, 32 Mo. 392; *Ex parte Hollwedell*, 74 Mo. 395.

The only debatable question is, whether the city has the power to pass the ordinance. After the enumeration of various specific powers, authority is given to the mayor and assembly " to pass all such ordinances, not inconsistent with the provisions of this charter, or the laws of the state, as may be expedient in maintaining the peace, good government, health, and welfare of the city, its trade, commerce, and manufacture, and to enforce the same by fines and penalties," etc. R. S., p. 1588, sec. 26, par. 14. It cannot be contended that the ordinance in question is inconsistent with other provisions of the city charter. Nor is it inconsistent with the constitution or any statute law of the state. This is true in respect of state statutes, as we have seen, though the same act may be punished either under the statute or ordinance. The ordinance was doubtless designed to

reach some cases of ill treatment of animals, not embraced in the general statutes. Is the ordinance, therefore, fairly within the power to maintain the peace, good government, and welfare of the city? We think it is.

In *City of St. Louis v. Bentz*, 11 Mo. 61, the defendant was fined under an ordinance concerning vagrants. The ordinance had for its authority the power "to regulate the police of the city." This court then said: "Although this is a very vague and indefinite grant of power, yet it must have been intended to confer other powers than those specifically granted, otherwise there existed no propriety in the enactment. When, therefore, it can be seen that the exercise of any jurisdiction by the corporation can be clearly brought within the scope of this grant without a violation of the constitution or a conflict with the laws of the state, there can be no objection to its exercise." In the case of *City of St. Louis v. Cafferata*, 24 Mo. 94, the ordinance made it a misdemeanor for any one to keep open his place of business on Sunday. It was held that the ordinance was a lawful exercise of the power given to the city " to make such rules, regulations, by-laws, and ordinances for the purpose of maintaining the peace, good government, and order of the city, and the trade, commerce, and manufactures thereof, as they may deem expedient, not repugnant to the constitution and laws of this state."

These cases serve to show that general welfare clauses are not useless appendages to the charter powers of municipal corporations. They are designed to confer other powers than those especifically named. The difficulty in making specific enumeration of all such powers as may be properly delegated to municipal corporations renders it necessary to confer such powers in general terms. Ordinances relating to the comfort, health, good order, convenience, and general welfare of the inhabitants are regarded as the exercise of police regulations. 1 Dill. on Mun. Corp. [3 Ed.] sec. 141. Laws for the

prevention of cruelty to animals may well be regarded as an exercise of such police powers. That good government calls for the condemnation of such acts as are prohibited by the ordinance ought not to be questioned. The subject is preëminently one for local municipal regulation.

The judgment is affirmed. Ray, J., absent; the other judges concur.