THE CITY OF DE SOTO, Respondent, v. ABE BROWN, Appellant.

St. Louis Court of Appeals, February 24, 1891.

1. **Municipal Corporations:** INFORMATION FOR VIOLATION OF ORDINANCE: SPECIFICATION OF OFFENSE. An information charging the defendant with aiding, counseling and advising certain persons, confined in the city prison under convictions for misdemeanors, to make their escape therefrom, contrary to the ordinances of the city, need not allege whether the persons so confined were held under convictions by city or state courts. It is sufficient if such an information substantially follows the language of the ordinance under which it is framed.

2. ———: PROSECUTION UNDER ORDINANCE FOR ACT MADE CRIMINAL BY STATUTE. A proceeding by a city to collect a fine for the violation of its ordinances, though possessing some of the elements of a criminal prosecution, is nevertheless a civil action. The fact, that an offense is a misdemeanor under the statute of the state, does not prevent a city, authorized to legislate upon the subject, from providing by ordinance for the punishment of such offense.

3. **Cities of Fourth Class:** POLICE JUDGE: EVIDENCE: WAIVER OF OBJECTION. In cities of the fourth class the office of police judge must be created by ordinance, and oral testimony by a witness,

that he is the police judge, if properly objected to, is insufficient. But the failure to make the objection amounts to a waiver of it, and will render such oral evidence competent proof of the existence of the office.

4. **Practice, Trial:** ORDER OF PROOF. It is not error for a trial court to permit a city, after it has closed its evidence in a proceeding for the violation of one of its ordinances, to introduce additional evidence which had been overlooked; such matters are within the discretion of the trial court.

*Appeal from the Jefferson Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

*Frank R. Dearing,* for appellant.

(1) The defendant's motion to dismiss, and in arrest, should have been sustained. *First,* because the complaint does not show, or charge, that the persons confined in said prison (and whom defendant is charged with liberating) were held under a conviction by the city court, or by some of the state courts or magistrates. 26 Mo. 199. *Second,* because the offense charged in the information is a criminal offense, and made punishable under the laws of the state by imprisonment in the county jail, or by fine, or by both a fine and imprisonment; and the police court had no jurisdiction to try such case. The powers of the police court are limited to a fine of not less than $2 nor more than $90. R. S. 1879, secs. 1444, 1466; Revised Ordinances, City of De Soto, 1888, secs. 218, 248. (2) The information in this case does not state facts sufficient to show on its face that the offense complained of was one of such nature that the police court would have jurisdiction of it. In proceedings before inferior tribunals it must appear, on the face of their proceedings, that they have jurisdiction over the cause. 26 Mo. 65. (3) The information is vague, meaningless and insufficient, in this, to-wit: It alleges that the appellant did aid and

assist, etc., the said prisoners to escape from the said prison, under the provision of section 218, revised ordinances of the city of De Soto, and does not state with sufficient certainty the offense complained of. 24 Mo. App. 169, 192 ; 26 Mo. 65. ( 4 ) The office of police judge in cities of the fourth class is not established until provided for by ordinance, and courts will not take judicial notice of the passage of an ordinance by a city council establishing a police court, and such fact. must be proven in order to show the authority of the police judge to act in the case. Acts, 1887, p. 86. ( 5 ) The court erred in admitting the testimony of H. G. Stall objected to by the defendant, and in overruling defendant's demurrer when plaintiff had closed his case. The court also erred in permitting plaintiff to offer additional testimony after having closed its case.

*Dinning & Byrns*, for respondent.

( 1 ) The pretended statement or abstract of appellant, if it shows anything, shows that this is a civil action. *The City of St. Louis v. Marchel*, 99 Mo. 477 ; *The City of St. Louis v. Schoenbusch*, 95 Mo. 618 ; *City of St. Louis v. Vert*, 84 Mo. 205 ; *City of St. Louis v. Knox*, 74 Mo. 79 ; *Ex parte Hollwedell*, 74 Mo. 395 ; *City of Kansas v. Clark*, 68 Mo. 588 ; *City of Kansas v. Muhlbeck*, 68 Mo. 638 ; *City of Marshall v. Standard*, 24 Mo. App. 192 ; *City of Moberly v. Wight*, 19 Mo. App. 269. ( 2 ) The court below did not commit an error in overruling defendant's motion to dismiss, or his motion in arrest. The complaint or information is good ; it states everything required to be stated, and fully informed defendant that he had violated section 218 of the revised ordinances of the city of De Soto, 1888. And it was proper for the city to recover the penalty provided by said ordinance for its violation. *State v. Cowan*, 29 Mo. 330 ; *City of St. Louis v. Schoenbusch*, 95 Mo. 618, and cases cited. ( 3 ) The

mayor and board of aldermen provided by ordinance for the election of a police judge in said city, and in pursuance of said ordinance a police judge was elected.

BRIGGS, J.—The defendant was arrested, and was tried and convicted before the police judge of the city of De Soto, for aiding, counseling and advising certain persons confined in the city prison under conviction for misdemeanors to make their escape therefrom, contrary to the ordinances of the city. On appeal to the circuit court he was again found guilty by the jury, and his fine fixed at the sum of $10. From this judgment he has again appealed.

The grounds relied on for a reversal of the judgment are : *First*, that the information is sufficient to sustain a prosecution ; *second*, that there was no legal evidence that the office of police judge for the city of De Soto had been established in the manner required by law ; *third*, that the court committed prejudicial error in the admission of evidence against the defendant's objection.

The first objection made to the information is that it fails to state whether the persons confined in the prison were held under convictions by the city or state courts. It is averred that the parties released by the defendant were confined in the city prison under conviction for misdemeanors, which is, in effect, a charge that they were in the hands of a public officer, and implies that they were lawfully held as prisoners. It was immaterial in what court they were convicted. The names of the persons were stated in the information, as also the date of their alleged release by defendant. These averments were certainly sufficient to apprise the defendant of the offense with which he was charged. The case of *State v. Hilton*, 26 Mo. 199, upon which the defendant relies, can have no application to this case. The facts are essentially different.

The information, although inartificially drawn, substantially follows the language of the ordinance. This

is held to be sufficient. *City of St. Louis v. Knox,* 74 Mo. 79.

It is also claimed that the motion to quash the information ought to have been sustained because the act, with which the defendant stood charged, is made a misdemeanor under the general law of the state, and is punishable by fine or imprisonment, or by both. Hence the argument is made that the city of De Soto could have no jurisdiction of the offense. In this we think the defendant's counsel is in error, and his error has grown out of the fact, that he treats this prosecution as purely criminal in its character. The adjudications of the state are against this idea. While a proceeding by a city to collect a fine for the violations of its ordinances has some of the elements of a criminal prosecution ( *Ex parte Kiburg,* 10 Mo. App. 442 ), yet the courts of the state have uniformly held it to be a civil action. *City of St. Louis v. Schoenbusch,* 95 Mo. 618; *City of St. Louis v. Vert,* 84 Mo. 204; *City of St. Louis v. Knox,* 74 Mo. 79; *Ex parte Hollwedell,* 74 Mo. 395; *City of Kansas v. Clark,* 68 Mo. 588; *City of Kansas v. Muhlback,* 68 Mo. 638; *City of Marshall v. Standard,* 24 Mo. App. 192. The fact that an offense is a misdemeanor under the statutes of the state does not prevent a city from providing for its punishment by ordinance, provided it has charter power to legislate on the subject. *City v. Schoenbusch, supra.* Cities of the fourth class have power to pass such ordinances as may be reasonable and deemed necessary to maintain the peace and good government of the city, R. S. 1879, sec. 4940.

On the trial of the cause the city read in evidence the entries from the docket of the acting police judge of the city, showing that the persons confined in the city jail had been convicted of the violation of the ordinances of the city and that they had been committed to prison for failure to pay their respective fines. The acting police judge was allowed to testify without objection, that he was a police judge. In cities of the fourth class

the office of police justice must be created by ordinance. Sess. Acts, 1887, p. 86. Hence the defendant urges that the judgment herein cannot be upheld, because the plaintiff failed to establish by legal evidence that the office of police judge had been provided for in the manner required by law. The testimony of the police judge was certainly objectionable, but, as the defendant failed to make any objection to it, we must hold that he thereby waived the production of the best evidence of the fact to which the witness was permitted to testify. *Kinion v. Railroad*, 39 Mo. App. 382.

Objections have been made touching the admissions of evidence, but we think they are without merit. After the city had closed its case, the court permitted it to introduce other testimony which had been overlooked. It has been repeatedly held that such things are within the discretion of the trial court. The other objections we do not deem it necessary to notice.

The judgment of the circuit court will be affirmed. All the judges concurring, it is so ordered.