THE CITY OF PLATTSBURG, Respondent, v. JOHN A. TRIMBLE, Appellant.

Kansas City Court of Appeals, November 9, 1891.

1. **Municipal Corporations**: CITY OF THE FOURTH CLASS : POWER TO REGULATE BILLIARDS : MINORS. A city of the fourth class has power to regulate billiard tables and to inflict a penalty upon the keeper of such table for permitting minors to play thereon without the consent of their parents.

2. ————: ORDINANCE PROHIBITING MISDEMEANOR : VIOLATION: PROCEDURE. Municipal corporations may, by ordinance, prohibit acts which are made misdemeanors under the general statutes of the state, and, for violation of such ordinances, may maintain a proceeding in its own name to impose and collect a fine.

3. **Appellate Practice** : NO EVIDENCE: CIRCUMSTANCES : DEFERRING TO TRIAL JUDGE. While all the oral evidence may be inconsistent with defendant's guilt, yet, if circumstances tended strongly to support the trial court's finding, the appellate court will defer to such finding.

*Appeal from the Clinton Circuit Court.*—HON. JAS. M. SANDUSKY, Judge.

AFFIRMED.

*F. B. Ellis*, for appellant.

(1) There is no power given municipal corporations to regulate billiard and pool tables, except by a license tax. *Knox City v. Thompson*, 19 Mo. App. 523. (2) Their ordinances must be in conformity to the state law. There is no law in this state to punish the keeper of a billiard table for permitting minors to play on such tables. The punishment prescribed is by civil action. Then this must be prosecuted by civil action. 1 R. S., sec. 715; *City of Linneus v. Dusky*, 19 Mo. App. 20. (3) Where there is no proof of an allegation, then it is the duty of the court to acquit. *State v. Warener,*

74 Mo. 83; *State v. Brosius*, 39 Mo. 535; *State v. Arnold*, 55 Mo. 89. (4) The only tax authorized by plaintiff to be collected by its charter is a license tax. Ordinances which are penal in their nature must be strictly construed. This ordinance of plaintiff is penal in its nature; it being a city of the fourth class, under the Revised Statutes of 1889, relating to cities of this class, its powers cannot be enlarged or varied. 2 Dillon's Mun. Corp. [3 Ed.] sec. 781.

*M. B. Riley*, for respondent.

(1) Cities of the fourth class have power to pass such an ordinance as that under review. R. S. 1889, sec. 1589; Dillon, Munic. Corp. [3 Ed.] sec. 141; 96 Mo. 618. (2) Section 3 of the ordinance in question is in the nature of a police regulation, and its manner of enforcement is governed by the statutes. R. S. 1889, secs. 1589, 1635, 1638, 1643; Dillon, Munic. Corp. [3 Ed.] sec. 339.

GILL, J.—Plattsburg is a city of the fourth class. Among the ordinances for its government is found one for licensing and regulating billiard tables. Section 3 of this ordinance reads as follows: " Sec. 3. No person licensed under the provision of this ordinance shall suffer anyone under the age of twenty-one years to play on any table kept by him, without the written permission of the father, master or guardian of such minor first granted. Any person violating the provisions of this ordinance shall, on conviction, be fined not less than $50 for each offense." Defendant Trimble was successfully prosecuted for a violation of this ordinance, in that, being the proprietor of a licensed billiard table in the city of Plattsburg, he suffered the seventeen-year-old son of one Trice to play at the game of billiards thereon, without the permission of the boy's father. On a trial before the circuit court, without a

jury, the defendant was found guilty; his fine placed at $50, and defendant appealed.

I. To reverse the judgment, two reasons are suggested: *First*. It is contended that the city of Plattsburg had no authority to pass such an ordinance; and, *second*, even admitting the legality of the ordinance, it is claimed that the evidence did not warrant the conviction.

As to the want of power in the plaintiff to adopt the ordinance, we think the question is scarcely debatable. We hold that Plattsburg, under its organic law, had the power. The rule is undisputed, as defendant's counsel states, "that a municipal corporation possesses and can exercise the following powers and no others: *First*, those granted in express words; *second*, those necessarily and fairly implied in or .incident to the powers expressly granted; *third*, those essential to the declared objects and purposes of the corporation." 1 Dillon, Mun. Corp. [4 Ed.] sec. 89. Now the legislature of Missouri has granted to the cities of the fourth class (to which the city of Plattsburg belongs) "the power by ordinance * * * to regulate, and to levy and collect a license tax on * * * billiard tables, etc. * * * and to pass such other ordinances, for the regulation and police of said city as they shall deem necessary," etc. R. S. 1889, sec. 1589. The section of the ordinance before quoted is clearly a regulation as "to the mode in which the designated employment shall be exercised." *St. Louis v. Tel. Co.*, 96 Mo. 631.

It is no objection to the ordinance that the state may have likewise provided for the punishment of the same offense. It is well settled, says BLACK, J., in *St. Louis v. Schoenbusch*, 95 Mo. 621, that municipal corporations may by ordinance prohibit acts which are made misdemeanors under the general statutes of the state, and for a violation of such ordinances the city may maintain a proceeding in its own name to impose and

collect a fine.   The ordinance must be in harmony with the general statute, but there is here no conflict whatever.   *City of Linneus v. Dusky*, 19 Mo. App. 20 ; *City of St. Louis v. Cafferata*, 24 Mo. 94 ; *City of St. Louis v. Bentz*, 11 Mo. 61.

As to the second point made, to-wit, that there was not evidence sufficient upon which to found a conviction, we have to say briefly, that, while the *oral* evidence adduced may have been quite all inconsistent with defendant's guilt, yet there were *circumstances* which tended strongly to support the court's finding. We must, on this finding of fact, defer to the trial judge.   He was present, saw the witness and heard him testify, and is, therefore, better qualified than we to determine where the truth was.   Judgment affirmed. All concur.