Town of Canton v. Ligon.

TOWN OF CANTON, Respondent, v. DANIEL L. LIGON, Appellant.

St. Louis Court of Appeals, January 19, 1897; Motion for rehearing overruled May 18, 1897.

1. **Municipal Corporations:** INFORMATION FOR VIOLATION OF ORDINANCE. A proceeding before the town recorder, based upon an information for the violation of an ordinance, passed under a special act of March 19, 1873, incorporating the town of Canton, was not a criminal, but a civil, proceeding, unaffected by the subsequent changes in the state constitution and laws of criminal procedure providing for a criminal prosecution by information.

2. ———: VALIDITY OF ORDINANCE: EVIDENCE: ONUS. A printed pamphlet of ordinances read in evidence, purporting to be published by authority of the corporation, under its charter, authorizing its publication, and providing that such publication should be received in evidence in all courts without further proof, was sufficient to throw the burden of showing the invalidity of the ordinance upon defendant.

3. **Instructions.** Instructions which authorized an acquittal upon a partial statement of the facts in evidence, though improper, were without prejudice to defendant, where the other instructions were more favorable to him than he was entitled to under the evidence, and he had no just ground of complaint on that account.

*Appeal from the Lewis Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*George Ellison* and *Robert W. Ray* for appellant.

By section 3975, Revised Statutes 1889, a misdemeanor is defined to include every offense punishable only by fine or imprisonment in the county jail or both.

At common law a misdemeanor was a crime. Black., book 4, chap. 1, p. 5.

This appeal was not taken in time. Sec. 4362, R. S. 1889; *De Soto v. Merceil*, 53 Mo. App. 57; *St. Louis v. Machel*, 99 Mo. 475.

The affidavit of a private individual is not an information within the meaning of section 4329, Revised Statutes 1889. *State v. Klem*, 79 Mo. 515; *City of Kansas v. O'Connell*, 36 Mo. App. 594.

Under the statutes of this state a misdemeanor is a crime. R. S. 1889, secs. 3975, 3976.

Respondent has no power to make any violation of its ordinances a misdemeanor, unless such power is given by its charter. Dill. Mun. Corp. [3 Ed.], sec. 89, p. 115. See, also, *St. Louis v. McLaughlin*, 49 Mo. 562; *St. Louis v. Telephone Co.*, 96 *Id.* 623; *Town of Trenton v. Clayton*, 50 Mo. App. 535, 540.

Only such powers and rights can be exercised under grants by the legislature to corporations as are clearly comprehended within the words of the act or derived therefrom by necessary implication. *Fanning v. Gregory*, 16 How. 534; *Minturn v. La Rue*, 23 *Id.* 435; *Carroll v. Campbell*, 108 Mo. 559; *Gas Light Co. v. Murphy*, 130 *Id.* 10; *State v. Willard*, 39 Mo. App. 251, 256. See, also, *Kansas City v. Flanagan*, 69 Mo. 22; Dill. Mun. Corp. [3 Ed.], sec. 89, p. 116.

The ordinance was not legally passed, the journal failing to show that a quorum of the board of trustees were present. 19 Am. and Eng. Ency. Law, 659; Dill. Mun. Corp., sec. 310.

The court erred in giving instructions numbers 1, 2, and 3. *State v. Brumley*, 53 Mo. App. 127; *Hartman v. Muehlback*, 64 *Id.* 565, 567; *Machine Co. v. Bobbst*, 56 *Id.* 427, 432; 95 Mo. 113, 116; *McNichols v. Nelson*, 45 *Id.* 446. See, also, *Cultivator Co. v. R'y*, 64 Mo. App. 305; *Clark v. Hammerle*, 27 Mo. 55.

The court erred in refusing appellant's instruction number 1, as asked. *Steinmeyer v. People,* 95 Ill. 383; *Roach v. People,* 77 Ill. 25; *State v. Fraunbury,* 40 Iowa, 555; *State v. Bohan,* 19 Kan. 28; *Crews v. People,* 120 Ill. 317.

It is reversible error to give contradictory or conflicting instructions. *Spillane v. R'y,* 111 Mo. 555; *Bluedorn v. R'y,* 108 *Id.* 439; *State v. Brumley, supra.*

The recorder's court had no jurisdiction over the subject-matter, and therefore the circuit court had none on appeal. *Osborne v. Schott,* 67 Mo. 712, 715. See, also, *State v. Metzger,* 26 Mo. 65; *Housburger v. R. R.,* 45 *Id.* 289; *Fisher v. Davis,* 27 Mo. App. 321; *Taffe v. Ryan,* 25 *Id.* 563; *Hewitt v. Truitt,* 23 *Id.* 447; *Rohland v. R'y,* 89 Mo. 180.

*John C. Anderson* and *A. F. Poulton* for respondent.

Prosecutions for the recovery of fines, penalties, and forfeitures for violations of town and city ordinances are civil and not criminal proceedings. *St. Louis v. Knox,* 74 Mo. 79; *Springfield v. Ford,* 40 Mo. App. 586–588; *De Soto v. Brown,* 44 *Id.* 148–152; *St. Louis v. Schoenburg,* 95 Mo. 618; *Coal Co. v. St. Louis,* 130 *Id.* 323, 330; *St. Louis v. Meitzel, Id.* 600.

A town ordinance is not a public law; courts do not take judicial notice of town ordinances. *City of Kansas v. Clark,* 68 Mo. 588, 589.

An appeal will lie by a town or city from a judgment against it in a proceeding to collect a fine or forfeiture for a violation of an ordinance. *St. Louis v. Smith,* 10 Mo. 438; *City of Kansas v. Clark,* 68 *Id.* 588; *Same v. Milbade, Id.* 638; *Kirkwood v. Antemurata,* 11 Mo. App. 515, 516; *Glenwood v. Roberts,* 59 *Id.* 167; Charter of Canton, art. 8, sec. 4; Session Acts, 1873, p. 218; sec. 3318, R. S. 1889; sec. 6327, R. S. 1889.

It was perfectly competent for the prosecution in this case to be begun and carried on, on the information of a private individual. *Kansas City v. O'Connor*, 36 Mo. App. 594.

It has been the common practice for towns and cities to declare violations of their ordinances misdemeanors. *Schwitzer v. Liberty*, 82 Mo. 309, 314; *St. Louis v. Schoenbusch*, 95 *Id.* 618; *State v. Cowan*, 29 *Id.* 330, 332; *Independence v. Moore*, 32 *Id.* 392, 395, 396.

Section 2, chapter 4, of the ordinances of 1887 is substantially the same as section 2, chapter 4, of the ordinances of 1873, and there was no necessity for a publication thereof. *Tipton v. Norman*, 72 Mo. 380, 385; *St. Louis v. Alexander*, 23 *Id.* 509; *Manker v. Feulhaber*, 94 *Id.* 430; *State ex rel. v. Heidorn*, 74 *Id.* 410–412; *Cape Girardeau v. Riley*, 52 *Id.* 424–429; *Keating v. Hyde*, 23 Mo. App. 555.

There was no error in giving for plaintiff instructions numbers 1, 2, and 3. *State ex rel. v. Hope*, 102 Mo. 410, 426; *Owen v. R. R.*, 95 *Id.* 169; *Dougherty v. R. R.*, 97 *Id.* 647. See, also, *Ridenhour v. Cable Co.*, 102 Mo. 270; *Shortel v. St. Joseph*, 104 *Id.* 114; *Dickson v. R. R.*, *Id.* 491; *O'Connell v. R. R.*, 106 Mo. 482; *Distilling Co. v. Creatte*, 45 Mo. App. 169; *State v. Noeninger*, 108 Mo. 166; *Bader v. Colson*, 42 Mo. App. 97.

If the court erred in giving instruction number 2 for respondent, it would not be reversible error, because under the evidence there was no self-defense. *State v. Wilson*, 98 Mo. 440–446; *State v. Gilmore*, 95 *Id.* 552–564; *State v. Johnson*, 76 *Id.* 564.

BLAND, P. J.—This case was commenced before the recorder of the town of Canton, based upon an information or complaint sworn to by A. G. Langlot. The information charges that the appellant Ligon, in

violation of section 11, chapter 4, of the Revised Ordi-
nances of the town of Canton, on the sixteenth day of
August, 1894, did unlawfully strike, beat, and fight
Langlot, the affiant, and is sufficient in form and sub-
stance.

The venue on application of appellant was changed
from the recorder to Henry Devilbliss, a justice of the
peace, in the town of Canton, who on motion of the
appellant dismissed the proceedings, from which action
the respondent appealed to the circuit court of Lewis
county on the ninth day after the order of dismissal
was made by the justice.

In the circuit court the appellant filed successively
motions to dismiss the case and to quash the informa-
tion.   These motions were overruled.   A trial was had
by jury resulting in a conviction.   After unsuccessful
motions for new trial and in arrest, the case was
brought here by appeal.

Various entries of the journal record of the board
of trustees of the town of Canton were offered and read
in evidence by the appellant on the motion to quash,
for the purpose of showing that the ordinance upon
which the information is based was not passed by the
board of trustees of the town.

Respondent also offered and read in rebuttal of
this evidence section 11, chapter 4, and other ordinances
not necessary to mention here, contained in a book
purporting to be published by order and authority of
the board of trustees of the town of Canton, signed by
Groves, the mayor, and attested by Stuart, the clerk.

The appellant also offered in support of his motion
to quash, Wm. Barrett as a witness, who testified that
he was one of the editors and publishers of the "Can-
ton Press" and that ordinance 11, of chapter 4, was
published in the "Canton Press," May 20, 1887, as
appeared from the files of that paper.   The town of

Canton was incorporated by special act of the general assembly, approved March 9, 1873, Session Acts, 1873, pages 218–220, and at the time this suit was instituted respondent was acting under and governed by this act.

Section 4, article 8, of this act provides that "the laws of the state of Missouri regulating justices' courts so far as the same relates to the institution, appeals from judgments, trials, and adjournments and continuances, of suits, shall apply to the recorder's court."

The board of trustees by ordinance provided for the institution of suits before the recorder by what they have chosen to call an information.

The appellant by his motions to dismiss and quash in his argument here contends that this information should be in all respects such an information as is now used to institute a criminal prosecution for a misde-MUNICIPAL cor- meanor, under the state law. We see no porations: infor- force in this contention. At the time the mation for viola-tion of ordinance. town of Canton was incorporated, March 19, 1873, there was no such thing under the laws of this state as a prosecution of a criminal offense by information, and the subsequent change of our state constitution and amendments of our criminal laws of procedure providing for such prosecutions have no retrospective operation and do not in the least affect the special act of 1873, incorporating the town of Canton, or change the mode therein provided for the institution of suits for violation of its town ordinances. *State ex rel. Harrison v. Frazier*, 98 Mo. 426.

The law of the state in force in 1873, for the institution of civil suits before justices of the peace and governing appeals from justices' judgments, is the law governing the institution of suits before the recorder of the town of Canton, and the fact that the town board of trustees have said by ordinance that such suits shall be instituted by information, does not change the

law or make the complaint filed in this case before the recorder an information as that term is known at common law and to our present criminal code. Neither can a common law information be used to institute a civil proceeding, as this undoubtedly is. *City of St. Louis v. Knox*, 74 Mo. 79; *City of DeSoto v. Brown*, 44 Mo. App. 148; *City of St. Louis v. Weitzel*, 130 Mo. 600. This view of the case answers all the points in appellant's two motions, the one to dismiss the case, and the other to quash the so-called information, except the fifth clause in his motion to quash, viz., that the ordinance upon which the prosecution is based is invalid, not having been passed by the board of trustees. The journal record of the town trustees was introduced to support this clause of the motion. The entries in the journal did not show affirmatively who was present or that a quorum was present, when the amended and revised ordinances (including sec. 11, art. 4) were approved. The record does recite that the "board met pursuant to adjournment."

VALIDITY of ordinance: evidence: onus.

Section 18, chapter 6, of the special act of 1873, reads as follows:

"All ordinances of the town may be proved by the seal of the corporation, and when printed or published in book or pamphlet form, or recorded in an ordinance book, and purporting to be so printed, published or recorded by authority of the corporation, the same shall be received in evidence in all courts and places without further proof."

The printed book or pamphlet of ordinances read in evidence by the respondent filled all the requirements of this section necessary to admit the ordinance as evidence. On this state of the evidence the onus was on appellant to prove affirmatively that the revised ordinance was not passed by a quorum of the board of

trustees.   If it be conceded that the. journal entries were insufficient to show a valid adoption of the ordinance, the defendant is in no wise prejudiced, for if the ordinance of 1887 is invalid for want of publication or for want of a substantial compliance with any provision of the charter, then the ordinance of 1873 which was read in evidence was still in force and the defendant's conviction may be upheld under it.   Section 11, article 4, of the ordinance of 1887, reads as follows:

"Whosoever shall in this town disturb the peace of others, by violent, tumultuous or offensive conduct, or carnage, or by loud and unusual noises, or shall use unseemly, profane, obscene, indecent or violent language upon the streets, or in any public places, or addressed to or in the presence of any other person or persons, or shall threaten, assault, strike, beat or fight another, and whoever shall, in this town, permit any such conduct in or about his or her premises owned or possessed by him, or under his control or management, shall be deemed guilty of a misdemeanor."

The ordinance of 1873 is as follows:

"Whoever shall in this town disturb the peace of others by violent, tumultuous, or offensive conduct, or carnage, or by loud and unusual noise, or shall use unseemly, profane, obscene, indecent, offensive or violent language, calculated to produce or provoke a breach of the peace, or shall threaten, assault, strike, beat or fight another, and whoever shall in this town permit any such conduct in or about any house or premises owned or possessed by him or under his management or control, shall be deemed guilty of a misdemeanor."

Authority to pass this ordinance is conferred upon the board of trustees by section 12, article 6, of the Act of 1873.   The power, among other powers, conferred by that section "to punish all fighting" is a grant of power in terms to punish the offense charged and

proved in this case. The court gave on the part of the respondent the following instructions:

" 1. If the jury shall believe from the evidence in the cause that the defendant on or about August 16, A. D. 1894, at the town of Canton, in the county of Lewis, and state of Missouri, willfully did assault and beat Adam G. Langlot, then the jury will find the defendant guilty and assess his punishment at imprisonment for any length of time not exceeding thirty days or at a fine of not less than one dollar nor more than one hundred dollars, or at both such imprisonment and fine."

" 2. Although the jury may believe from the evidence that the said Adam G. Langlot did strike defendant upon the head with a beer glass, yet if they shall further believe from the evidence that the defendant provoked the difficulty by first assaulting Langlot, then defendant can not avail himself of the right of self-defense in order to shield himself from the consequences of beating and assaulting the said Langlot, no matter how imminent any danger in which he may have found himself during the progress of the fight."

" 3. If the jury shall believe from the evidence in the cause that said Adam G. Langlot was standing up against the end of the counter and offering no violence or injury towards defendant and remarked to defendant, 'I don't see why you should jump on me, I don't know you and I don't suppose you know me,' and thereupon the defendant immediately struck said Langlot and knocked him down, then the jury will find the defendant guilty and assess his punishment at imprisonment for any length of time not exceeding thirty days or at a fine of not less than one dollar nor more than one hundred dollars, or at both such imprisonment and fine."

And the following instructions on the part of the appellant:

"The court instructs the jury that if they believe from the evidence that defendant lightly tapped witness Langlot in a playful manner with a small piece of broom handle, not intending or doing said witness any harm, and that thereupon said Langlot struck defendant on the head with a beer glass, that then defendant had a right to strike back in self-defense and to use such force in so doing as seemed reasonably necessary to protect himself.

"And if the jury believe from the evidence that the defendant did so strike back, and that in so doing he acted upon a reasonable apprehension of danger and used only such force as seemed reasonably necessary for his self-protection, then they should find him not guilty."

"4.   If the jury believe from the evidence that any witness who testified in the trial of this case, has willfully sworn falsely on this trial as to any matter or thing material to the issues in the case, then the jury are at liberty to disregard his entire testimony."

"5.   The court instructs the jury that, if from the whole evidence the jury are unable to say that the defendant is guilty beyond a reasonable doubt, they should acquit; but this doubt to authorize an acquittal must be reasonable and arise from the insufficiency of the evidence, and not a mere possibility of innocence."

And the following instruction of its own motion:

"2.   And the jury are further instructed that if they believe from the evidence that defendant struck witness Langlot with his left hand and knocked him down, and that at the time of such striking said witness had in his hand an open knife, and defendant had reasonable ground to believe that said witness was about to assault him or do him great bodily harm, that

then he was justified in defending himself, whether the danger was real or *actual*.   Actual or positive danger is not necessary to justify self-defense.   The law considers that a man, when threatened with danger, is obliged to judge from appearances and determine therefrom as to the actual state of things surrounding him; and in such cases, if he acts from a reasonable apprehension of danger, he will not be held responsible criminally, for a mistake as to the extent of the actual danger."

And refused the following instruction:

"1.   And the jury are further instructed that if they believe from the evidence that defendant struck witness Langlot with his left hand and knocked him down, and that at the time of such striking said witness had in his hand an open knife, and defendant had reasonable ground to believe that said witness was about to assault him or do him great bodily harm, that then he was justified in defending himself, whether the danger was real or apparent.   Actual or positive danger is not necessary to justify self-defense.   The law considers that a man, when threatened with danger, is obliged to judge from appearances and determine therefrom as to the actual state of things surrounding him; and, in such cases, if he acts from a reasonable apprehension of danger he will not be held responsible, criminally, for a mistake as to the extent of the actual danger."

Instructions numbers 1 and 2 given on the part of the respondent, and numbers 3, 4 and 5 on the part of the appellant, fairly presented the law of INSTRUCTIONS. the case to the jury.   Neither instruction number 1, asked by appellant, nor this instruction as amended on motion of the court by striking out the word "apparent" and inserting the word "actual" should have been given, for the reason that they

authorize an acquittal upon a partial statement of the facts in evidence, wholly ignoring all the facts testified to by the witness for the plaintiff as to the origin of the difficulty, but we can not see how the defendant was prejudiced. He got by instruction number 2 more than he was entitled to, and has no just grounds of complaint on that account. Should the case be reversed for this reason? We think not, when the instructions given are considered as a whole in the light of all the evidence, and in view of the further fact that the evidence of self-defense was exceedingly meagre and of very slight weight. It is not at all likely that the jury were misled by this instruction, and if not, the case should not be reversed. The evidence as contained in the transcript makes out a clear case of guilt against the appellant. His assault upon Langlot was unprovoked and brutal. His conviction was clearly right, and the judgment is affirmed. All concur.