## TOWN OF ORRICK, Respondent, v. WALTER K. AKERS, Appellant.

### Kansas City Court of Appeals, November 28, 1904.

1. **MUNICIPAL CORPORATIONS: Concealed Weapons: Instruction.** An instruction telling the jury that if the pistol in question was not concealed but so carried that enough thereof was exposed to public view to show plainly that it was a pistol to find for defendant, affords no just ground for criticism.

2. ———: ———: **Towns and Villages.** The general police power of a town is sufficient to authorize an ordinance prohibiting the carrying of concealed weapons.

3. ———: **Towns and Villages: Name.** In the statute relating to towns and villages the words "village" and "town" are used interchangeably and a complaint set out in the opinion is held sufficient.

Appeal from Ray Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*M. G. Roberts* and *J. L. Farris, Jr.,* for appellant.

(1) The village of Orrick had no authority to pass an ordinance in relation to carrying concealed weapons, for the statute neither expressly nor impliedly confers such power upon towns and villages. R. S. 1899, sec.

6010; R. S. 1899, secs. 5958 and 5965. The case of Vaughn v. Greencastle, — Mo. App. —, 78 S. W. 51, is exactly in point. Knapp v. Kansas City, 48 Mo. App. 492; Dillon, Mun. Corp., sec. 472; Trenton v. Clayton, 50 Mo. App. 541. (2) A "general welfare" clause applies to cities of the fourth class, but no power to prohibit concealed weapons is implied by it since that grant is specifically given in another section. R. S. 1899, sec. 5957. (3) The information runs in the name of the "Inhabitants of the Village of Orrick" when it should have been in the name of the "Town of Orrick." The form of complaint is prescribed by section 6024, Revised Statutes 1899.

*Ball & Bogie* for respondent.

(1) It being a police regulation the town of Orrick had the right to pass an ordinance prohibiting the carrying of concealed weapons within the limits of that town. R. S. 1899, sec. 6010; St. Louis v. Bentz, 11 Mo. 61; St. Louis v. Cafferata, 24 Mo. 97; Schweitzer v. Liberty, 82 Mo. 314, 315; St. Louis v. Schoenbusch, 95 Mo. 622; State ex rel. Wallbridge, 119 Mo. 393. (2) The right of a municipal corporation in this State to maintain in its own name a proceeding to recover a fine for non-observance of an ordinance has never been questioned, even though there be a general law of the State also imposing a fine for like offense. St. Louis v. Bentz, 11 Mo. 61; St. Louis v. Cafferata, 24 Mo. 94; Independence v. Moor, 32 Mo. 392; Ex parte Hollwedell, 74 Mo. 402; Hill v. St. Louis, 159 Mo. 167; Linneus v. Dusky, 19 Mo. App. 23; Plattsburg v. Trimble, 46 Mo. App. 462; Pilot Grove v. McCormick, 56 Mo. App. 534; Kansas City v. Neal, 49 Mo. App. 72-76. (3) The offense as laid in the information follows the language of the ordinance and is sufficient. State v. Haley, 52 Mo. App. 520. (4) The charter of the town of Orrick, uses the words "town" and "village" interchangeably, and with

the same legal meaning.  R. S. 1899, secs. 6004 and 6043.

ELLISON, J.—The defendant was arrested, tried and convicted for carrying concealed weapons in the town of Orrick.  He appealed to the circuit court of Ray county and was again convicted.  He·now comes here for relief.

The main defense on the merits of the case was that the weapon (a pistol) was not concealed.  The evidence relied upon by defendant is that going to show that he was in his shirt sleeves and a part of the handle of the weapon could be seen protruding from his pocket.  The court refused an instruction for defendant in which it was declared that if "the pistol in question was not concealed, but was kept so carried as that the handle was exposed to public view" etc., the verdict should be for defendant.  The court (liberally enough to defendant) modified the instruction by the following change: that, "if the pistol in question was not concealed but was so carried that enough of said pistol was exposed to public view to show plainly that it was a pistol" etc., to find for defendant.  The change made by the court was proper and affords no just ground for criticism.

The complaint included with the present charge one for resisting an officer, but that was dismissed.

It is contended that the village of Orrick had no authority to pass the ordinance prohibiting the carrying of concealed weapons under the provisions of its charter (section 6010, Revised Statutes 1899).  There is no express provision to that effect and it is not necessary that there should be.  The general police power provided for in said section is ample upon which to base such authority.  [St. Louis v. Schoenbusch, 95 Mo. 618.]

It is next objected that the complaint was defective in that it was in the name of the "Village of Or-

rick" instead of the "Town of Orrick." The objection is not sound. While it is true that the statute (section 6004) declares that the inhabitants of the village' shall be "a body politic and corporate, by the name and style of 'The Town of ————,'" yet the entire statute in reference to "Towns and Villages"—sections 6004-6066—uses the words "town" and "village" interchangeably. And so in the complaint itself both these words are used. The full entitling thereof is, "State of Missouri, County of Ray, Town of Orrick, ss. Before Thos. Gallagher, Chairman of the Board of Trustees. The Village of Orrick, plaintiff, v. W. K. Akers, defendant. W. K. Akers to the Village of Orrick, Dr., to the violation," etc. It is clear to us that the objection is not well taken.

The judgment is affirmed. All concur.