# JOHNSON *v.* DISTRICT OF COLUMBIA.

STATUTES, DELEGATION OF LEGISLATIVE AUTHORITY; CRUELTY TO ANIMALS.

1. Secs. 1 and 2 of the act of the late legislative assembly, D. C., of August 23, 1871, for the prevention of cruelty to animals, are mere police regulations, and therefore within the scope of powers delegated to the municipality by Congress. (Following *Smith* v. *Olcott*, 19 App. D. C. 61.)

2. The act of the late legislative assembly, D. C., of August 23, 1871, for the prevention of cruelty to animals, will not be declared void in a prosecution under it resulting in the imposition of a fine upon the accused, because sec. 6 provides that, in prosecutions under the act, fines collected upon or resulting from the complaint or information of any member of the Association for the Prevention of Cruelty to Animals shall be paid to the association, where there is nothing in the record showing that the fine is to be paid to the association. If the provision in favor of the association be void, all fines would be paid into the public treasury.

3. Where the section of a statute in the nature of a police regulation upon which a prosecution is based is complete in itself and separable from and distinct from another section, the validity of such other section will not be considered in such prosecution.

4. The act of the late legislative assembly, D. C., of August 23, 1871, for the prevention of cruelty to animals, being a police regulation, is not repealed by sec. 1636, D. C. Code (31 Stat. at L. 1434, chap. 854), which expressly saves from repeal all acts of that body relating to police regulation.

No. 1849. Submitted February 4, 1908. Decided March 3, 1908.

IN ERROR to the Police Court of the District of Columbia. *Affirmed.*

The facts are stated in the opinion.

*Mr. Hayden Johnson* and *Mr. Thomas H. Patterson* for the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the defendant in error.

Mr. Justice ROBB delivered the opinion of the Court:

The plaintiff in error, James H. Johnson, was convicted in the police court of the District of Columbia upon two consolidated informations charging that he, on August 9, 1907, did "cruelly work and cause to be worked a certain animal of the horse kind, said horse being unfit for service, being weak;" and that he on the same day did "cruelly work and cause to be worked a certain animal of the horse kind, said horse being unfit for service, and having a sore shoulder,"—both in violation of the act of the late legislative assembly of the District of Columbia, approved August 23, 1871.

Sec. 1 of said act prescribes as a penalty for overdriving, etc., animals, or depriving them unnecessarily of food, etc., imprisonment in jail not exceeding one year, or a fine not exceeding 250, or both fine and imprisonment.

Sec. 2 of said act, upon which said informations were predicated, is in these words: "Every owner, possessor, or person having the charge or custody of any animal, who cruelly drives or works the same when unfit for labor, or cruelly abandons the same, or who carries the same, or causes the same to be carried, in or upon any vehicle, or otherwise, in an unnecessarily cruel or inhuman manner, and knowingly or wilfully authorizes or permits the same to be subjected to unnecessary torture, suffering, or cruelty of any kind, shall be punished for every such offense in the manner provided in sec 1."

In the first assignment of error it is contended that the act in question is general legislation, and not an exercise of municipal power, which the organic act creating a territorial government authorized (16 Stat. at L. 419, chap. 62, U. S. Comp. Stat. 1901, p. 677).

We think it clear that the two sections of the act above referred to, which, it will be observed, are complete in themselves, are mere police regulation, and therefore within the scope of powers delegated to the municipality by Congress. *Stoutenburgh* v. *Hennick,* 129 U. S. 141, 32 L. ed. 637, 9 Sup. Ct. Rep. 256; *Smith* v. *Olcott,* 19 App. D. C. 61. Cruel treatment of helpless animals at once arouses the sympathy and indignation of every person possessed of human instincts,—sympathy for the helpless creature abused, and indignation towards the perpetrator of the act; and in a city, where such treatment would be witnessed by many, legislation like that in question is in the interest of peace and order and conduces to the morals and general welfare of the community. "Laws for the prevention of cruelty to animals may well be regarded as an exercise of such police powers. That good government calls for the condemnation of such acts as are prohibited by the ordinance ought not to be questioned. The subject is pre-eminently one for local municipal regulation." *St. Louis* v. *Schoenbusch,* 95 Mo. 618, 8 S. W. 791.

That Congress deemed the act within the scope of the powers delegated to the municipality is evidenced by the act of February 13, 1885 (23 Stat. at L. 302, chap. 58), which provided that thereafter the "Association for the Prevention of Cruelty to Animals for the District of Columbia" should be known as the "Washington Humane Society," and should "be authorized to extend its operations  *  *  *  to the protection of children, as well as animals from cruelty and abuse." Said act of February 13, 1885, makes it a misdemeanor to abuse, abandon, or wrongfully employ a child, or to entice a female child to become a prostitute, etc. It is apparent, therefore, that Congress fully appreciated that moral suasion would be abortive in dealing with those who would unnecessarily inflict cruelty upon either children or animals.

It is also contended that because sec. 6 of the act in questions ordains that "fines and forfeitures collected upon or resulting from the complaint or information of any member of the Association for the Prevention of Cruelty to Animals under

this act shall inure and be paid over to said association in aid of the beneficial objects for which it was incorporated," and because such a provision is in effect the grant of an exclusive privilege, and therefore repugnant to sec. 17 of said organic act creating the territorial government, the fine imposed in this case was illegally imposed, there being no one authorized to receive it. It is not necessary to consider the merits of this contention. Sec. 6 does not provide that *all* fines and forfeitures shall inure to the benefit of the association. It is only when fines result from the complaint of a member of the association that they are to be paid to the association. All other fines follow the usual course, and are paid into the public treasury. There is nothing in the record showing that the fine in this case is to be paid the association, the docket entry being, "Guilty. Sentence: To pay a fine of $10, and in default to be committed to the workhouse for the term of thirty days." Assuming the provision in favor of the association to be void, the validity of the act would not be affected, since all fines imposed under the act would then be paid into the public treasury.

It is further contended that sec. 3 of the act under consideration relating to the transportation of animals by railroad companies is a restriction upon interstate commerce, and therefore void. We will not stop to inquire whether there is any merit in this contention because the section upon which this prosecution was predicated is complete in itself and separable from and independent of sec. 3. It may therefore be enforced without reference to that section. *District of Columbia* v. *Green,* 29 App. D. C. 296.

The next and last contention is that said act of August 23, 1871, was repealed by sec. 1636 of the Code [31 Stat. at L. 1434, chap. 854]. That section expressly saves from repeal all acts of the legislative assembly of the District of Columbia relating to "police regulation," and, as we have already held that the section upon which these informations were based is a police regulation, it follows that it was not repealed by sec. 1636 of the Code.

The judgment appealed from, therefore, is affirmed, with costs.                                                    *Affirmed.*