vs. Brown, 44 N. Y., 228; Meeker vs. Claghorn, Ibid, 349.

The judgment of the court below is reversed and a new trial ordered.

C. Theisen, Plaintiff in Error, vs. W. H. H. McDavid, City Marshal, Defendant in Error.

MUNICIPAL LAW—CONSTITUTIONALITY OF CITY ORDINANCE PUNISHING ACTS MADE PENAL BY STATE LAW—SUNDAY LAWS.

1. There is nothing in our Constitution that prohibits the Legislature from clothing our municipal governments with legislative power to prohibit and punish by ordinance any act made penal by the State laws, when perpetrated within municipal limits. And such an ordinance is not invalidated because it prescribes the same penalties as the State law for the commission or omission of the same act. Neither is it any objection to such an ordinance that the offender may be tried and punished for the *same act* under both the ordinance and the State law. A conviction or acquittal by the municipal courts under such an ordinance is no bar to a prosecution under the State law. Neither is such an ordinance invalid because the trial thereunder is without a jury

2. Under the provisions of Section one, Chapter 3024 laws of March 8th, 1877, Section 673 R. S., providing that our municipal gov_ ernments shall have the power, "to pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and *morals;*" *Held,* That our municipalities are empowered to enact ordinances prescribing penalties for the non-observance of the Sabbath in the conduct of business pursuits on that day within their corporate limits.

3. A municipal ordinance prohibiting the carrying on of certain business pursuits within the city limits on Sunday, and prescribing penalties therefor, is not invalid because it excepts from its inhibition various business pursuits that are not excepted from the operation of the State law on the same subject.

JUNE TERM, 1894. 441

C. Theisen v. W. H. H. McDavid, City Marshal.—Opinion of Court.

4. A municipal ordinance prescribing penalties for the carrying on of business pursuits within the city limits on Sunday is not subject to the charge of unreasonable and invalidating discrimination, when it excepts from its operation all persons generally who belong to any of the excepted classes of occupations. The exception from the operation of the ordinance of certain classes of occupations, when all belonging to those classes are included in the exception, does not render the ordinance obnoxious to the charge of unreasonable discrimination because all occupations of every class are not also included within the exception.

Writ of Error to the Circuit Court for Escambia county.

The facts of the case are stated in the opinion of the court.

*John C. Avery*, for Plaintiff in Error.

*J. Emmet Wolfe*, for Defendant in Error.

TAYLOR, J.:

Section 1, Article 1, of Chapter 13 of the Code of Ordinances of the municipality of Pensacola, adopted in May, 1889, provides as follows: "It shall be unlawful on Sunday for any merchant or shopkeeper or other person to keep open store, or dispose of any wares, merchandise, goods or chattles, or sell or barter the same; *provided*, that in cases of emergency or necessity, they may dispose of the comforts and necessaries of life to customers, without keeping open doors. The foregoing section shall not be held to prohibit selling or keeping open store for the purpose of selling drugs, ice, fresh meats, breads, newspapers and periodicals, fresh vegetables, cigars and tobacco, ice-cream, soda-water, fish and oysters (without exposing the wares in doors or on the side-walk), nor to prohibit

the selling of meals by restaurant or hotels." For an alleged violation of this ordinance, by selling lager beer on Sunday, July 1st, 1894, the plaintiff in error was arrested and held in custody by the defendant in error, as city marshal, under a warrant issued by the municipal authorities upon an affidavit charging the offense. The plaintiff in error sued out a writ of *habeas corpus* before the Circuit Court, assailing the ordinance, for an infraction of which he had been arrested, urging that said ordinance was invalid, unconstitutional and void. The Circuit Judge, after hearing the cause, rendered judgment refusing to discharge the plaintiff in error, and remanding him to the custody of the defendant in error, the city marshal. From this order he comes here by writ of error.

It is contended for the plaintiff in error that under no circumstances can the legislature constitutionally delegate to a municipality the power to punish by ordinance any act made punishable as a crime or misdemeanor against the State laws, and for which the offender may be informed against or indicted and tried in the State courts; and that the city ordinance in question here is invalid and void because the act it undertakes to punish as an offense against the laws of the municipality, was made a criminal offense and punishable under the State laws, Chapter 3146, approved March 11th, 1879, in force at the time of the adoption of said ordinance. The pertinent provisions of which State law are as follows: "Sec. 2. No merchant or shopkeeper or other person shall keep open store, or dispose of any wares, merchandise, goods or chattels on the Sabbath day, or sell or barter the same; provided, that in cases of emergency or necessity they may dispose of the comforts and necessaries of life to customers without keeping open doors."

"Sec. 3. Any violation of this act shall be deemed a misdemeanor, and any person convicted thereof shall be subject to a fine of not less than twenty dollars, and not more than fifty dollars." (R. S., sec. 2639). The constitutional objection urged against the propriety of the delegation of such legislative power to municipal governments is that, it subjects the offender to a second jeopardy and punishment for the same offense. Some courts have sustained this view, but the overwhelming weight of the authorities, with which our views accord, support the contrary rule, that there is no impropriety, from a constitutional standpoint, in clothing our municipal governments with legislative power to prohibit and punish by ordinance any act made penal by the State laws, when perpetrated within municipal limits ; and that it is no objection to such an ordinance that it prescribes the same penalties as the State law for the commission or omission of the same act ; and that the offender may be tried and punished for the same act under both the ordinance and the State law ; and that a conviction or acquittal under the one is no bar to prosecution under the other ; and that it is no objection to the municipal ordinance that the trial thereunder is without a jury. In avoidance of the theory that such a status of the law subjects the offender to the constitutionally inhibited second jeopardy and punishment for the same offense, the question is assimilated to the dual trials and punishments, the one in the Federal courts, the other in the State tribunals, that follow the same act when it infracts both a State law and congressional legislation. Instead of its resulting in two trials and punishments for the same *offense* within the contemplation of the constitutional inhibition, it is regarded as two distinct offenses growing out of the

same act; the one being a transgression of the State law, the other an infraction of the municipal law. A crime, as defined by Blackstone (4 Bl. Com., 5), being an act committed or omitted, in violation of a public law, either forbidding or commanding it. Within the contemplation of the constitutional inhibition against dual jeopardy for the same offense, our municipal governments are regarded as separate and distinct bodies politic from the government of the State; so that the same *act* may be a violation of, and consequently a crime against, the laws of both governments. The *criminal* aspect of the *act* consisting of its *violation of law*. The *offense*, so far as the municipality is concerned, is complete, independent and distinct when a *municipal law* is violated, and the punishment follows from a violation of *its law* without reference to the infraction of the law of any other government. The constitution does not prohibit a second jeopardy for the same *act*, but forbids the second jeopardy for the same *offense*. Constitution of 1885, section 12, Declaration of Rights. Consequenty, if the offender has been once, in the municipal courts, put in jeopardy for the *offense* involved in the infraction of the municipal law he can not again, *by the municipal authorities*, be put in jeopardy for the same; but such jeopardy will not shield him from trial and punishment by the State authorities for the distinct and independent *offense*, though involving the same *act*, that grows out of the transgression of the State law. 1 Dillon on Municipal Corporations (4th ed.), sec. 368, and citations; Cooley's Const. Lim. (6th ed.), p. 239, and citations; Horr and Bemis on Mun. Police Ordinances, sec. 89; Bishop on Statutory Crimes, secs. 23, 24, and citations; City of St. Louis vs. Cafferetta, 24 Mo., 94; State vs. Sly, 4 Oregon, 277; Howe vs. Treasurer of

Plainfield, 37 N. J. L., 145; City of Brooklyn vs. Toynbee, 31 Barb., 282; Megowan vs. Commonwealth, 2 Met. (Ky.), 3; Waldo vs. Wallace, 12 Ind., 569; City of Brownville vs. Cook, 4 Neb., 101; Hughes vs. People, 8 Col., 536; Mayor, &c. vs. Allaire, 14 Ala., 400; State vs. Ludwig, 21 Minn., 202; State vs. Lee, 29 Minn., 445; McInerney vs. City of Denver, 17 Col., 302; Van Buren vs. Wells, 53 Ark., 368; City of Plattsburg vs. Trimble, 46 Mo. App., 459; City of De Soto vs. Brown, 44 Mo. App., 148; Mayor, &c. of Nashville vs. Linck, 12 Lea, 499, S. C. 5 Am. & Eng. Corp., Cas., 392; State vs. Fourcade, 45 La. Ann.,——, 13 South. Rep., 187; Liberman vs. State, 26 Neb., 464; State vs. Topeka, 36 Kansas, 76.

The validity of the ordinance is also assailed upon the ground that no sufficient power has been delegated by law to the municipality to enact the same, in view of the fact that the State law specifically prescribes punishment for the same offense. We fully recognize the rule that a municipality can not by ordinance punish an act already made penal by the State law, unless it has express or clearly implied legislative authority so to do. But we do not agree with the contention of the learned counsel for the plaintiff in error, that our Legislaturehas not empowered the municipal enactment of the ordinance here. Sec. 673 R. S., a condensation of section 1, chapter 3024 laws, approved March 8th, 1877, provides as follows: "The city or town council shall have power to pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and *morals*, for the suppression of riots and disorderly assemblies, and for the order and government of the city or town, and to impose such pains, penalties and forfeitures as may be needed to carry the same into effect; provided, that

such ordinances shall not be inconsistent with the constitution and laws of the United States or of this State ; and provided further, that for no offense made punishable by the ordinances and laws of said city or town shall a fine of more than five hundred dollars be assessed, nor imprisonment for a period of time greater than sixty days." Were it not for the use of the word "*morals*," in this general provision of the law, we should have some hesitancy in reaching the conclusion that under it our municipalities are empowered to enact ordinances prescribing penalties for the non-observance of the Sabbath in the conduct of business pursuits within their corporate limits. Our Legislature did not rest content, as do many similar enactments of the other States, with clothing our cities and towns with the power to preserve the *public peace* within their borders, but go further and expressly delegate to them the authority to preserve the *public morals*. The fourth command of the Decalogue is : "Remember the Sabbath day, to keep it holy." What would be said of the public morals of a city whose laws permitted the general conduct of all classes of business enterprises on that day. The universal verdict would be that they were at a very low ebb. City of Corvallis vs. Carlile, 10 Oregon, 139 ; Mayor, &c., vs. Linck, 12 Lea, 499 ; Megowan vs. Commonwealth, 2 Met. (Ky.), 3.

It is further contended that the provisions of the third subdivision of section 9 of the general revenue act, chapter 4115, approved June 2nd, 1893, that are as follows : "No license issued under the provisions of this section shall allow the holder thereof to sell such liquors as described in this section between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night, and the officer issuing any license under

this section shall have written upon its face in red ink the words: 'This license does not allow the holder to sell liquors on Sunday.' And if the holder sells on Sunday he shall be guilty of selling liquor without a license," operates to withdraw from municipalities and to invest in the State the exclusive jurisdiction to punish persons who sell liquors on Sunday. We see no merit in this contention. The clear and only purpose of the legislature in the enactment last quoted was to limit the terms and scope of *licenses* to be granted for the sale of liquors, so as to exclude Sunday from the time within which such licenses should authorize the sale of liquors thereunder. It was not designed thereby to provide express punishment for Sabbath-breaking, but the pith and point of the law is to prohibit the *granting of a license* that should authorize or protect its sale on that day. The offense created thereby is not for Sabbath-breaking, but for the sale of liquor on that particular day *without a license;* and the penalty prescribed is the same as for the sale of liquor on any other day without the protection of a license.

The ordinance is again assailed as being invalid because it is inconsistent with and repugnant to the State law on the same subject, because it excepts from its inhibition various business pursuits, such as drug stores, newspaper stands, soda founts, cigar and tobacco stores, etc., that are not excepted from the operation of the State law. We do not think the ordinance is subject to this objection. Because the municipality does not see proper to cover the same ground, and to make penal the exercise on Sunday of all of the same occupations as does the State law, does not render it either inconsistent with or repugnant to the State law. The effect of the exceptions in the ordinance is

that we, by this ordinance, do not undertake to *legalize* or *license* the exercise on Sunday of these excepted occupations, that are rendered unlawful by the State law, but we simply *abstain* from making their exercise on Sunday within our municipality *an additional offense against the city's laws.*

The ordinance is again assailed upon the ground that in excepting from its operation the various occupations named, it unlawfully and unreasonably discriminates in favor of the excepted occupations to the prejudice of the occupations not excepted. There is no merit in this contention. The ordinance, in its exception, does not discriminate against any person belonging to any of the excepted classes of occupations, but puts them all on an equal footing, and is general and of uniform operation as to those classes. All persons, for example, be they Hindoo or Caucasian, who engage in the business of selling drugs, are included in the exception. Had the ordinance provided that all drug stores kept by Englishmen, but by none other, should be exempt from its operation, it would have been subject to the charge of unjust and unreasonable discrimination. But because it excepts from its operation certain occupations, including others does not make it obnoxious on the ground of discrimination.

The judgment of the court below is affirmed.