F. C. ROACH, CHIEF OF POLICE, *Plaintiff in Error,* v. ARTHUR KEEP, *Defendant in Error.*

Opinion Filed May 12, 1917.

A writ of error to a judgment in a habeas corpus proceeding issued by the Clerk of the Circuit Court, without the allowance thereof either by the judge who heard the cause or by a justice of the Supreme Court, is a nullity.

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Dismissed.

*Odom, Crawford & Butler* and *L. S. Gaulden,* for Plaintiff in Error;

*F. D. Brennan,* for Defendant in Error.

WHITFIELD, J.—In habeas corpus proceedings the petitioner was discharged. The Chief of Police took writ of error to the judgment by filing a praecipe therefor

with the Clerk of the Circuit Court who issued the writ. The statute provides that in habeas corpus proceedings "the judge hearing the cause, or a Justice of the Supreme Court shall grant to any party or person aggrieved by the judgment, including the State of Florida, or any political sub-division thereof, or any officer of the State of Florida, or any county or municipality in said State, or any person, a writ of error returnable to the next term of the Supreme Court, or to the court in term, if the writ is applied for during the session of the court, which writ shall be heard and determined as other cases; and the trial of such writs of error shall have preference in the Supreme Court over all other cases.   And such writs of error shall be granted in criminal as well as in civil cases, and from the review of judgments and orders discharging persons from custody or arrest upon any criminal charge, as well as orders committing or remanding any such person to custody:   Provided, however, That no such writ of error shall operate as a supersedeas in any criminal case to an order or judgment discharging persons from custody."   Sec. 2257 Gen. Stats. 1906; Compiled Laws, 1914.

A writ of error to a judgment in a habeas corpus proceeding issued by the Clerk of the Circuit Court, without the allowance thereof either by the judge who heard the cause or by a justice of the Supreme Court, is a nullity. State ex rel. Porter v. Vinzant, 49 Fla. 130, 38 South. Rep. 366; Wright v. State, 32 Fla. 472, 14 South. Rep. 43; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834, text 380.

While the plaintiff in error was entitled to a writ of error, an order granting it is necessary under the statute.

Dismissed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.