**STATE OF FLORIDA ex rel. DAISY WILSON, v. H. LESLIE QUIGG, as Chief of Police of the city of Miami, Florida, a municipal corporation.**

17 So. (2nd) 697                                January Term, 1944
April 18, 1944                                              En Banc
Rehearing Denied May 10, 1944

*G. A. Worley* and *Jack Kehoe,* for appellant.

*J. W. Watson, Jr.,* and *W. W. Charles,* for appellee.

BROWN, J.:

On September 1, 1943, one C. F. Huttoe, a police officer of the City of Miami made an affidavit for a search warrant before one of the judges of the Circuit Court in and for Dade County in which he alleged that in a certain residence, described by street and number, in the City of Miami, Dade County, Florida, gaming and gambling was being conducted by persons whose names to affiant were unknown, and that in said house "lottery tickets are offered for sale and sale of lottery tickets and other gambling paraphernalia contrary to the laws of the City of Miami and State of Florida."

Thus the affidavit in effect charged that in said house certain unknown persons were offering for sale and selling lottery tickets in violation of a city ordinance and also a State law—which latter, parenthetically, constitutes a felony.

The circuit judge on that same day issued a search warrant, addressed to any police officer of the City, which described the matters set forth in the affidavit as in substance charging that certain persons, whose names were unknown to affiant, were using the described building "for the purpose of gaming and gambling, to-wit: lottery tickets, contrary to the laws of the City of Miami and the State of Florida," and ordered that said building be searched, and all gambling paraphernalia and equipment be seized, and that if found to bring said goods or property and all persons found therein, connected with said gaming and gambling, before the Municipal Court of the City of Miami, Dade County, Florida, to be dealt with according to law.

The return was signed by another police officer, one R. J.

Ryder, on the same day, and reported the search and seizure of certain property in illegal operation which had been turned over to the Miami Municipal Court, and the serving of a copy of the search warrant, on the premises, upon one Daisy Wilson; said property thus left with the Court to be used in the prosecution in said Court of said Daisy Wilson in a case styled City of Miami v. Daisy Wilson, No. 4096. The return states that an inventory of the property was thereto attached.

Thereafter counsel for Daisy Wilson filed in the Circuit Court a petition for writ of habeas corpus. While the search warrant is, to say the least, a bit vague in describing the offense, the petition was based solely upon the ground that the search warrant was null and void because it was not made returnable to a court having jurisdiction of the offense described therein nor of any offense against the State of Florida. The petition alleged that petitioner was being illegally held in the City jail by Chief of Police H. Leslie Quigg. One of the circuit court judges granted the writ and the Chief of Police filed his return in which he said that petitioner was being lawfully held for trial on a charge of violating a valid City ordinance No. 1570, case No. 4096, a copy of the blotter docket being attached, and denied that the search warrant was illegal, attaching a copy, and denied that it was not made returnable before a court of competent jurisdiction. The copy of the "blotter docket" shows that petitioner was charged with setting up and promoting a lottery on September 18, 1943, and that she did then and there have in her possession "certain lottery tickets representing a live interest in a lottery yet to be played for money," etc., in violation of ordinance No. 1570 of said City."

Petitioner filed a motion to quash the return on general grounds to the effect that the return shows that petitioner was being held without authority of law, and also upon the ground that the warrant set up in the return as authority for holding petitioner in custody was void (a) for that it showed on its face that it was not issued in compliance with law, and (b) that said warrant was made returnable to a court not having jurisdiction over the offense or offenses mentioned in said search warrant.

This motion was denied by Circuit Judge Holt, who, realizing the importance of the question, which is a new one in this State, wrote a well prepared opinion in support of his conclusion. He stated that the question presented by the petitioner was: "Can the circuit court issue a warrant pertaining to an offense against an ordinance of a municipality and make the same returnable to a municipal court having jurisdiction of said offense?"

It will have been noted that the offense charged or referred to in the search warrant was admittedly one against both the law of the State and the ordinance of the municipality. The substantive offense, in aid of which the search warrant was evidently obtained, was set out with more definiteness and particularly on the "blotter" or trial docket of the municipal court.

From the judgment of the Court overruling the motion to quash and remanding the petitioner to custody, this appeal was taken. Petitioner, in order to be safe on the question of the method of invoking appellate review here, sued out writ of error also.

In order to avoid any confusion with reference to this matter of the proper method for invoking appellate review by this Court in habeas corpus proceeding we might say that Supreme Court Rule 2, providing that all relief heretofore obtained by writ of error shall be obtained by appeal as in equity, which became effective April 1, 1942, while broad and sweeping in its terms, must be considered in connection with the proviso in Supreme Court Rule 36, and when so considered it will be seen that neither of said rules was intended to abolish writs of error in habeas corpus proceedings. The Constitution (Sections 5 and 11 of Article V) gives this Court, or any Justice thereof, and the circuit court or any judge thereof, the power to grant writs of habeas corpus, and under Section 79.11, Florida Statutes 1941, (which was Section 5444 C.G.L.) the judge hearing a habeas corpus proceeding is given authority to "grant a writ of error returnable to the next term of the Supreme Court, or to the court in term, if the writ is applied for during the session of the court," and that the hearings on such writs of error shall

have preference over all other cases. Thus the statute vests in the judge hearing the cause the authority to allow or grant writs of error to this Court in such cases. So habeas corpus proceedings are in a somewhat different class from ordinary legal or equitable proceedings, as a reading of Chapter 79 of the Florida Statutes of 1941 will show. See in this connection Roach v. Heep, 73 Fla. 1048, 75 So. 528. The holding in that decision was complied with in this case, application for writ of error having been made to and allowed by the circuit judge under Section 5444 C.G.L., now 79.11 F. S. 1941, as contemplated by the proviso in said Rule 36, and was therefore sufficient to bring the case to this Court for review. For these reasons we have continued to entertain writs of error, when properly applied for and allowed by the circuit court, as a means of invoking appellate review in this Court of judgments in habeas corpus proceedings. However, the method of review by appeal under our Rule 2, which is more simple and expeditious, can also be availed of in habeas corpus proceedings when allowed by the judge hearing the cause as provided in Section 79.11, supra. Undoubtedly the right of appellate review by this Court, when properly applied for, is contemplated by Section 5, Article V of the Constitution, although the *method* of invoking such review is not prescribed therein. Appellate jurisdiction having been vested in this Court by the Constitution, the manner or *method* of invoking it, not being of such vital importance, was left by the Constitution to the Court and the Legislature. As we have several times held, this Court has the power under the statute of 1929, Section 25.03 Florida Statutes 1941, to regulate its appellate procedure, and it doubtless had the inherent power to do so without statutory authorization. In the exercise of that power we adopted our present Rule 2, which affords a simple and uniform method of invoking the appellate jurisdiction of this Court in all cases at law or in chancery *by appeal,* as in chancery cases, which method has proven quite satisfactory to the bench and bar of the State. But for the reasons above pointed out, we have *not* held that such is the *exclusive* method of invoking appellate review in *habeas corpus* proceedings. As above stated, it is the appel-

late jurisdiction of this Court which the Constitution grants, not the *method* of invoking its exercise. And writs of error or appeals are merely methods of invoking appellate jurisdiction and bringing up the record in aid of the exercise of that jurisdiction, which jurisdiction is conferred not by the writ or the appeal, but by the Constitution and the law. Palmer v. Johansen, 97 Fla. 479, 121 Fla. 479, h.n. 3.

At this juncture the question arises as to whether the validity of the search warrant can be questioned here on this appeal from the judgment in the habeas corpus proceedings in view of the fact that the return of the respondent Chief of Police showed that the petitioner below was held, not only by virtue of the search warrant, but also by reason of the entry upon the "blotter" or trial docket of the municipal court, which entry charged petitioner with violating a City ordinance in apparently sufficient form to apprise the petitioner of the nature of the charge against her.

Chapter 21386 of the Special Acts of 1941 provides that a sworn or verified complaint shall not be necessary to give the municipal court of Miami jurisdiction of offenses triable in that court, but that the accused may be tried for the offense as docketed, provided such docket entry is sufficient to put the accused upon notice of the offense with which he is charged. A similar act, relating to the municipal court of the City of Tampa, was held to be valid in the case of Wright v. Worth, 83 Fla. 204, 91 So. 87. In that case the Court called attention to the fact that under Section 20 of Article III of our Constitution, special laws may be enacted regulating the practice of municipal courts. See also in this connection, State v. Parker, 87 Fla. 181, 100 So. 260.

It is also well settled that municipal governments, when clothed with the requisite legislative authority, may, by ordinance, create an offense, as against municipal law, out of the same act that already constitutes an offense against State law; that in such cases the two offenses are distinct and separate and may be punished by both the municipality and by the State; and the conviction or acquittal by the one will be no bar to prosecution and punishment by the other. Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398, and Thiesen

354

v. McDavid, 34 Fla. 440, 16 So. 231; Bueno v. State, 40 Fla. 160, 23 So. 362.

But in this case the return of the Chief of Police to the writ of habeas corpus alleges that the petitioner is held in custody, not only upon the charge entered in said trial docket of an offense agianst a city ordinance, but also by virtue of the search warrant directing the search of the residence described, "wherein it was alleged that an offense against the laws of both the City and the State was being committed," and also directing the arrest of any person or persons found therein and shown to be in possession of the property or articles referred to in said warrant, and to bring such person or persons and such goods before the judge of the Municipal Court of Miami to be dealt with according to law; under which warrant the search was carried out and petitioner was arrested, and the return of the sheriff seeks to justify the incarceration of the petitioner, not only upon the charge set forth on the blotter docket, but also upon the search warrant under which she was arrested, the validity of which warrant he stoutly asserts.

Furthermore, if the search warrant was invalid and void, as claimed by petitioner below, the lottery tickets or other articles obtained by the search made thereunder could be suppressed on proper motion and could not be used in evidence to support the charge entered on the municipal court's blotter docket. Likewise such goods could not be admitted in evidence on timely objection being made. Gildrie v. State, 94 Fla. 134, 113 So. 704. Aside from this, however, the return says that petitioner was incarcerated and is being held by virtue of the search warrant, as well as by virtue of the docket entry, and the case was tried in the court below upon the theory that the validity vel non of the search warrant was the controlling question in the case, and it was upon the conclusion reached in the court's opinion that the search warrant was valid that the court based its judgment remanding the petitioner to custody.

For these reasons, we feel that it is incumbent upon us to review the question—and the only question—presented by

the appellant here, which counsel for appellant state in their brief as follows:

"Does a search warrant signed and issued by a circuit judge, even when predicated upon a sufficient affidavit, but commanding police officers to search property described in said warrant for certain goods, and to bring such goods and the persons found to be in unlawful possession of such goods in said premises *before a municipal court,* conform to the constitutional and statutory provisions authorizing their issue?"

This presents a question which is new in this jurisdiction.

It is well settled that in view of the provisions of Section 22 of our Declaration of Rights, statutes authorizing searches and seizures must be strictly construed, and affidavits made and search warrants issued thereunder must strictly conform to the constitutional and statutory provisions authorizing their making and issuance. Jackson v. State, 87 Fla. 262, 99 So. 548; Hart v. State, 89 Fla. 202, 103 So. 633; Gildrie v. State, 94 Fla. 134, 113 So. 704.

In the court below, and here, appellant grounds her contention that the search warrant was and is illegal and void upon the fact that it was made returnable before a municipal court. All other objections were abandoned.

Of course circuit judges have statutory authority to issue search warrants "authorized by law." So do judges of any court of record, county judges, justices of the peace and committing magistrates having jurisdiction within the district where the place or thing to be searched may be. Section 933.01 F. S. 1941. The "grounds for issuance" are set forth in the next Section, 933.02, but offenses against municipal ordinances are not mentioned. Nor can a judge of a municipal court issue a search warrant. See Hart v. State, supra. However, such a warrant may be issued to and executed by a police officer. The statute provides that a search warrant may be issued to "any sheriff and his deputies, or any constable, police officer or other person authorized by law to execute process," and may be made returnable before the magistrate issuing it, "or some other court having jurisdiction of the offense." Section 993.07 F. S. 1941.

The Circuit Judge, in his opinion, lays emphasis on the

last clause of this Section 933.07, above quoted, and also upon Section 901.01, F. S. 1941, which makes all judicial officers conservators of the peace and committing magistrates, with power to issue warrants and commit offenders to jail or recognize them to appeal before "the proper court," or discharge them from custody, according to the circumstances of the case. But this Section 901.01 begins with the words: "All judicial officers of the State shall be conservators of the peace and committing magistrates, and may issue *warrants* against persons charged on oath with *violating the criminal laws of the State,* and may commit offenders to jail or recognize them to appear before the proper court, at the next ensuing term thereof to answer the charge." (Italics supplied).

So this language in said Section 901.01 limits the authority of judicial officers to issue warrants and commit to jail, or to recognize to appear before the proper court, to proceedings against persons charged on oath with "violating the criminal laws of the State." Again, violations of municipal ordinances are not mentioned, and "the proper court" could not be a municipal court, which court can only punish offenses against municipal ordinances. Section 34, Article V of the Constitution. Section 901.02 deals with "when warrant of arrest to be issued;" Section 901.03 prescribes the form and contents of the warrant, and Section 901.04 provides that the warrant shall be directed "to all and singular the sheriffs and constables of the State of Florida," and shall be executed by officers of the class named.

As the circuit judge in his opinion well says, our circuit courts are our only courts of general jurisdiction, and are also by statute made conservators of the peace, with magisterial powers, and may conduct preliminary hearings and issue warrants for offenses even though the offense be one which the circuit courts are without jurisdiction to try and which are only triable before courts of inferior jurisdiction; citing Section 901.01. But the offense must be one against the criminal laws of the State, and it does not follow that our circuit courts are required to hold preliminary hearings on complaints or affidavits charging only violations of mere municipal ordinances. Their authority and duty under Sec-

tion 901.01 F. S. 1941 is broad enough, but it is limited to proceedings involving charges of violations of "the criminal laws of the State," and that authority is not broadened so as to require or authorize the holding of preliminary hearings or charges of violations of municipal ordinances and the ordering of commitments or recognizances to appear before a municipal court merely because the act charged against the accused, while constituting a violation of the criminal laws of the State, also happens to be a violation of a municipal ordinance. In such a case, the commitment should be to some court having jurisdiction to try the charge of violating the criminal law of the State. But here we are dealing, not with the issuance of ordinary warrants, but of search warrants. See 47 Am. Jur. 504.

Section 309 of Cornelius on Search and Seizure, 2nd edition, (being Section 195 of the first edition), which is cited and discussed in the circuit judge's opinion, reads as follows:

"May a search warrant be issued under the state or federal law for an alleged violation of such city ordinance?

"Where, either by reason of constitutional provisions or the language of the statute, a search warrant can not issue unless there is probable cause to believe that a criminal offense has been committed, it is held by the weight of authority that the violation of a city ordinance is not such an offense as will sustain the issuing of the warrant."

In the notes the author cites a number of cases in support of the above quotation, from Georgia, Kentucky, Louisiana, Michigan and Missouri, most of which held that a municipal ordinance is not a *law* of the State, and some that a municipal ordinance "is not a law."

Even though it be admitted that the affidavit and search warrant in this case charged and were predicated upon an alleged act or acts which constituted a violation of the criminal laws of the State (under which such acts as those here involved are made felonies) and that such act or acts so charged also constituted a violation of the municipal ordinance, the fact remains that a search warrant cannot be issued for the violation of a municipal ordinance, nor can a search warrant for the violation of the criminal laws of the

State be made returnable before a municipal court or the judge of such a court, as neither have jurisdiction to try or to punish such offenses.

Counsel for appellee quite appropriately say that the question here involved is: "Can the circuit court issue a search warrant pertaining to an offense against an ordinance of the City of Miami and make such warrant returnable to the municipal court of said City?"

From what has been said above, it is plain that this question, which is much the same as the one propounded by appellant, must be answered in the negative.

Our statutes providing for and regulating the issuance, execution and return of search warrants are contained in Chapter 933 of Florida Statutes 1941. The grounds for issuance are set forth in Sections 933.02 and 933.18 of that Chapter. These statutes must be strictly construed. Nowhere in the statutes is the alleged violation of a municipal ordinance made a ground for the issuance of such a warrant, and, as we see it, nowhere in the statutes is there any authority for any judicial officer to make a search warrant returnable before a municipal court or the judge of a municipal court.

The motion to quash the return should therefore have been granted, and the judgment remanding the petitioner below, appellant here, to the custody of the respondent Chief of Police must be and is hereby

Reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., and WELCH, Circuit Judge, concur.

THOMAS, J., agrees to conclusion.

ADAMS, J., dissents.