WILLIAMS, VOLIE A., Jr., Associate Judge.
On August 7, 1959, an Information was filed in the Circuit Court of the Sixth Judicial Circuit of Florida, in and for Pinellas County, charging the Appellant, Adonis Robinson, with unlawfully and feloniously aiding and assisting in setting up, promoting and conducting a lottery. He was duly arraigned, tried, convicted by a jury, and sentenced.
*716 After the arraignment hut prior to trial, the appellant filed his motion to suppress the evidence and renewed it at trial. The Court below denied the motion, and finding error, we must reverse.
The justice of the peace of District No. 1 issued a search warrant to search the home of the appellant which was not located in justice of the peace District 1 but over in the adjoining justice of the peace District No. S. The justice of the peace of District No. S was in the Air Force Reserve and had to be away for his active duty training for fifteen days. Police officers and a deputy sheriff, armed with the search warrant, searched the appellant’s home and found bolita tickets, records, money and other paraphernalia. Consequently, the question before us is whether or not a justice of the peace may issue a search warrant to search a private dwelling which is not located within the district of the issuing justice of the peace when the justice of the peace of the justice district wherein the dwelling is located is not available.
Section 933.01, Florida Statutes, 1959, F.S.A., expressly sets forth who may issue search warrants and the limitation of their authority:
“A search warrant authorized by law may be issued by any judge, including the judge of any circuit court of this state or any court of record, * * * or county judge, justice of the peace, or committing magistrate having jurisdiction within the district where the place, vehicle or thing to be searched may be.” (Emphasis supplied.)
The foregoing statute is to be strictly construed (Hart v. State, 89 Fla. 202, 103 So. 633). Affidavits made and search warrants issued thereunder must strictly conform to constitutional and statutory provisions (State ex rel. Wilson v. Quigg, 154 Fla. 348, 17 So.2d 697). As was said by the Supreme Court of Florida in Cooper v. State, 106 Fla. 254, 143 So. 217: “Section. 22 of the Declaration of Rights * * * was not placed in the organic law of this state as an idle gesture.” Because a justice of the peace court is a court of limited jurisdiction, we should observe that it is generally held that courts of limited or inferior jurisdiction are confined within the limits of the power granted and that no power will be regarded as granted by implication other than those which are necessary for the full exercise of the powers expressly granted. Farragut v. City of Tampa, 156 Fla. 107, 22 So.2d 645, 647.
Under the statutory and constitutional provisions, the justices of the peace of Pinellas County are accorded trial jurisdiction in certain criminal cases; Section 37.01(2), F.S.A. providing in part, “* * * to try and determine all misdemeanors committed in their respective districts * * ” (emphasis supplied), and Article V, Section 11(2), F.S.A., providing in part, “The justices of the peace shall have jurisdiction * * * in such criminal cases, except felonies, as may be prescribed by law, and he shall have power to issue process for the arrest of all persons charged with felonies and misdemeanors not within his jurisdiction to try.” (Emphasis supplied.) The issuance of a search warrant is not a trial, nor is a search warrant a warrant for the arrest of a person charged with a felony or misdemeanor.
Section 37.22, Florida Statutes, 1959, F.S.A., provides:
“In case a justice of the peace be disqualified or unable from any cause to try any criminal case, the same may be tried before any other justice of the peace of the county, or before the county judge.” (Emphasis supplied.)
 Since we must give words their clear and customary definition and meaning, the term “to try” can only mean to preside, at the determination of the guilt or innocence of the accused.
*717 The words, “having jurisdiction within the district where the place * * * to be searched * * * ” appearing in Section 933.01, are words of limitation and under the Hart case, supra, must be strictly construed.
A somewhat analogous case to the instant case is Harvey et al. v. Drake, Fla., 40 So.2d 214, 216, in which Judge Fabisinski issued a search warrant in Escambia County to search premises in Walton County:
“Of course circuit judges have authority to issue search warrants when they have jurisdiction ‘within the district where the place, vehicle or thing to be searched may be’ * * *. These warrants were issued by Circuit Judge * * * in Escambia * * * authorizing searches to be made in Walton County, both of which * * * were in Judge Fabisinski’s Cirant, the First Circuit * * (Emphasis supplied.)
The appellee contends that Florida Appellate Rule 2.1, subd. a, (4) (i), 31 F.S.A., extended the jurisdiction of the district 1 justice of the peace to issue search warrants to search dwellings not located within the jurisdiction of the issuing justice of the peace.
We can find no words in Section 933.01, 37.01, 37.03 or 37.22 authorizing the act herein complained of. The search warrant should not have been issued, and the motion to suppress should have been granted.
Reversed.
SHANNON, J., concurs.
ALLEN, C. J., concurs specially.