WALDEN, Judge.
The basic question presented is whether or not contraband (narcotics) seized pursuant to a search warrant issued by a municipal court may be properly used in evidence in a prosecution of a crime in the state court.
As a backdrop, the defendant was charged with a narcotics violation, the offense being identically proscribed by municipal and state law.[1] At defendant’s state court trial *332 the evidence seized pursuant to the municipal search warrant was suppressed. The state appeals.[2] We reverse.
The trial court decision was based on the fact that the search warrant in question was issued by a municipality for the violation of a city ordinance and not in the name of the state for the violation of a state law.
In order to focus properly upon the question, it is necessary to keep certain fundamentals in mind:
1. The Fourth Amendment of the U. S. Constitution and Section 22, Declaration of Rights, Florida Constitution of 1885, F.S.A., and Article 1, § 12, Declaration of Rights, Florida Constitution of 1968, protect private persons from invasion of their premises by governments. In Weeks v. United States, 1913, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, it was said that the effect of the prohibition of unreasonable searches and seizures was to put government enforcement officials “under limitation and restraint as to the exercise of such power and authority.” Likewise, the objective in obtaining a search warrant is to demonstrate to an independent magistrate the probable cause for its issuance. As stated in Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436,
“The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. Any assumption that evidence sufficient to support a magistrate’s disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce the Amendment to a nullity and leave the people’s homes secure only in the discretion of police officers. Crime, even in the privacy of one’s own quarters, is, of course, of grave concern to society, and the law allows such crime to be reached on proper showing. The right of officers to thrust themselves into a home is also a grave concern, not only to the individual but to a society which chooses to dwell in reasonable security and freedom from surveillance. When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or Government enforcement agent.” (Emphasis supplied.)
2. The city was authorized to issue search warrants.[3]
3. It is not suggested that the municipal warrant was not issued and processed in accordance with law. It was not maintained that the municipal requirements were different from or less strenuous than the state requirements.[4] Neither does defendant assert a lack of probable cause or that the search was unreasonable.
4. Very critically, it appears, and it is not suggested to the contrary, that defendant was accorded all of the rights granted to him by the state and federal constitutions.
*333 As we look about amongst the decisions and the considerations of public policy, we are unable to see any merit in the position taken by the trial court.
We know that an offense may be a violation of both state and municipal law and that same may be punished by both the municipality and the state without involving double jeopardy.[5] This being so, it seems that evidence properly seized by either the state or municipality should be received in evidence by the other. Otherwise the second prosecution would probably be barred as a practical matter unless by some legerdemain there could have been a simultaneous search by the two courts, or, upon completion of prosecution by one court the evidence could be restored to a defendant and re-seized by the second court under its process. This, of course, borders upon the absurd.
We are further mindful that municipal investigations and its search warrants properly issued may uncover evidence of far graver crimes which should as a matter of public policy be tried in the state courts. We think it poor policy and not in the public interest to disqualify such evidence in the state courts and thus, as a practical matter, likely restrict the prosecution to a municipal court prosecution with its limited power to fine and imprison.[6] Such construction is not warranted and particularly where, as here emphasized, it is not shown that the receipt of such evidence in the state court jeopardized the defendant’s rights.
It is also true that evidence obtained other than pursuant to state issued search warrants can be admitted into state trials. For instance, evidence obtained pursuant to federal search warrants by federal officers is admissible in state court prosecutions.[7] We can not make any meaningful distinction between the proposition of allowing federally seized evidence in state court prosecutions and the procedure advanced by the state in this appeal.
No exact precedent has been shown to us or found. From our survey and analysis we hold that the state should have the right in this case to use the evidence seized under the municipal search warrant. We, therefore, approve the proposition that evidence legally seized pursuant to a valid municipal search warrant may be received in evidence in a state court prosecution, it not having been shown that such procedure violates constitutional rights. Reversed and remanded for proceedings not inconsistent herewith.
Reversed.
McCAIN and OWEN, JJ., concur.
ON PETITION FOR CLARIFICATION
PER CURIAM.
With reference to paragraph two of this court’s opinion the State correctly points out that the evidence seized pursuant to the municipal search warrant was in fact suppressed prior to trial upon pre-trial motion and not, as we stated it, at p. 331 “at *334 defendant’s state court trial * * We oblige the State and acknowledge our error for whatever difference it may make, and our opinion is hereby modified to reflect that the evidence was suppressed upon pretrial motion.
WALDEN, McCAIN and OWEN, JJ., concur.

. City of Fort Lauderdale, City Ordinance, Section 28-65, provides: “Narcotics prohibited, defined, (a) It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized by Florida law. (Ord.No. C-2010, § 1, 2-18-64)”
The similar state statute provides: “F.S.1967, Section 398.03, F.S.A., Narcotic drugs legal only as provided in this chapter. — It-is unlawful for any person to manufacture, possess, have under his *332 control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter.”

. F.S.1967, Section 924.071, F.S.A.

. Section 129, City Ordinance, City of Fort Lauderdale; the United States Supreme Court has recognized the use of search warrants in implementing the municipal codes in Camara v. Municipal Court of City and County of San Francisco, 1967, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930; See v. City of Seattle, 1967, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943.

.Compare Section 129, City Ordinance, City of Fort Lauderdale, Section 33, Laws of Florida, with F.S.1967, Chapter 933, F.S.A.

.State ex rel. Wilson v. Quigg, 1944, 154 Fla. 348, 17 So.2d 697, said: “It is also well settled that municipal governments, when clothed with the requisite legislative authority, may, by ordinance, create an offense, as against municipal law, out of the same act that already constitutes an offense against State law; that in such cases the two offenses are distinct and separate and may be punished by both the municipality and by the State; and the conviction or acquittal by the one will be no bar to prosecution and punishment by the other. Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am.St.Rep. 214, and Theisen v. MeDavid, 34 Fla. 440, 16 So. 321, 26 L. R.A. 234; Bueno v. State, 40 Fla. 160, 23 So. 862.”

. Municipalities can fine no more than $500 nor imprison more than 6 months. See F.S.1967, Section 165.19, F.S.A.

. Reddick v. State, Fla.App.1958, 104 So. 2d 413; Christian v. State, Fla.App. 1965, 176 So.2d 561; Rainwater v. State, Fla.App.1966, 186 So.2d 278.