**STATE v. BAKER.**

Nos. 25-506A and 25-506B.

County Judge's Court, Hamilton County.

August 24, 1970.

W. A. Drury, Jasper, for the state.

John W. Peach, Jasper, for the defendant.

JOHN H. McCORMICK, County Judge.

This cause comes before the court on the motion to dismiss filed August 10, 1970 (all dates hereinafter mentioned are in 1970) by Mr. John W. Peach, attorney for the defendant; the court heard argument by Mr. Peach and Mr. Drury, prosecuting attorney, on August 24 in the courtroom of the Hamilton County Courthouse.

On March 16 C. A. Wheeler, a deputy sheriff of Hamilton County, filed charges against the defendant in this court —

(a) Case No. 25-506A charges the defendant with disorderly conduct, in violation of §877.03, Florida Statutes, and

(b) Case no. 25-506B charges the defendant with resisting arrest, in violation of §843.02, Florida Statutes.

Each of the offenses are charged to have occurred on February 20 in Hamilton County. The court issued a warrant in each case based on affidavits made by Wheeler dated March 16.

The return of the sheriff's department of Hamilton County indicates that the warrants were received on March 16 and executed on July 20 by arresting the defendant in Hamilton County.

The cases were returnable before this court, following the arrest, on July 27, on which date Mr. Peach, attorney for the defendant, appeared before the court and advised the court that he represented the defendant and requested a continuance so as to prepare his defense. The court granted the request for continuance, continuing the cases for return before this court until August 10. On that date counsel for the defendant filed the motion to dismiss, aforesaid. On August 24 the prosecuting attorney filed an answer to the motion to dismiss. The cause comes before the court on August 24 for hearing on the motion to dismiss.

The motion to dismiss alleges that the defendant has previously been prosecuted by the municipal court of the city of Jasper for the same acts herein charged, and, in support thereof, a certified copy of the "municipal court docket" was filed with the court on August 24. The municipal court docket indicates that "Hubert Baker" was charged with disorderly conduct and resisting arrest by Officer Morgan on February 20, the defendant therein was arraigned for trial on February 23, entered a plea of guilty, and the municipal court imposed a fine of $100, plus $5, costs of court.

The prosecuting attorney and counsel for defendant agree and so submit to the court that the defendant in the cause before this court and the defendant before the Jasper municipal court is the same person, and that the offenses as charged before both courts arose out of the same circumstances or occurrence.

Since 1894, it has been the law in this state that even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court, Theisen v. McDavid, 34 Fla. 440, 16 So. 321. This principle is adhered· to in 21 other states — Alabama, Alaska, Colorado, Idaho, Illinois, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Nebraska, Nevada, North Dakota, Ohio, Oklahoma, Oregon, South Dakota, Washington, Wisconsin and Wyoming. And there may be others — the subject is discussed in 43 Oregon Law Review 281 (1964), and 1968 Duke Law Journal at page 362.

More recent Florida decisions on the point are — Wilson v. Quigg (1944), 154 Fla. 348, 17 So.2d 697, Hilliard v. Gainesville (1968), 213 So.2d 689, and State v. Williams (1969), 227 So. 2d 331.

Counsel for the defendant relies on Waller v. Florida, 25 L.Ed. 2d 435, 90 S. Ct. 1184, a decision of the Supreme Court of the

United States, rendered April 6, 1970. This decision is mentioned in the Southern Reporter advance sheets dated May 7, 1970, at p. xxix of the summary of federal decisions; the decision is also the subject of a memorandum or summary of the same in the American Bar Association Journal of July, 1970, at page 695.

This decision of the Supreme Court of the United States simply reverses the principle or holding of Theisen v. McDavid, supra, and, to follow the language of Theisen v. McDavid, thereafter causes the law, on the subject, to be — If a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would be a bar to the prosecution of such person in the proper state court.

The premises considered, and upon the ruling of Waller v. Florida, supra, it is ordered and adjudged that the motion to dismiss each of the caption causes be, and the same is hereby, granted.