WALDEN, Judge.
Defendant was found guilty of a narcotics violation and duly adjudged and sentenced in one of the circuit courts of this state. The contraband upon which the conviction hinged was produced per search warrant of a private dwelling issued by a municipal court.
*33 The gravamen of appellant’s suggestion is that the municipality could not issue such warrant for that the charter of the municipality authorizing warrants “to obtain evidence and facts of the violation of any laws or ordinances of the city” was unconstitutional. Without detailing, the municipality had the usual catch-all proviso, which provided that the commission of state misdemeanors constituted violation of a municipal ordinance.
Appellant urges that the charter authorization was too general as concerns the search of a private dwelling when compared to the provisions of F.S. 933.18, Laws of 1971, F.S.A.
And now for our judicial consideration of the problem. We notice that the defendant did not raise the constitutionality of the special act in question in the trial court and we feel that he can not do so here, State v. McInnes, Fla.App.1961, 133 So.2d 581, as it does not constitute such fundamental error under Rule 3.7(i), F.A.R., 32 F.S.A., that we may sua sponte consider the issue. Palm Beach County v. Green, Fla.1965, 179 So.2d 356; Radford v. Town of Palm Beach Shores, Fla.App. 1972, 267 So.2d 36. We feel there has been no deprivation of process, particularly since the offense in question exactly fits the definition in Section 933.18(5), F.S. 1971, F.S.A., providing that warrants for the search of private dwellings may not be issued unless “the law relating to narcotics and drug abuse is being violated therein.” Thus, when we consider the offense and read the charter authorization in conjunction with the above mentioned statute and consider the affidavit and warrant in question, we believe that same is justified, rendering the search thereunder and resulting conviction proper. State v. Williams, Fla. App.1969, 227 So.2d 331.
Affirmed.
MAGER, J., and FERRIS, JOHN G., Associate Judge, concur.